830 So.2d 169 (2002)
ANGLIA JACS & COMPANY, INC., a Florida corporation, Appellant,
v.
Gary DUBIN and Joseph Dubin, Appellees.
No. 4D01-1241.
District Court of Appeal of Florida, Fourth District.
October 9, 2002.
Rehearing Denied November 22, 2002.
*170 Louis C. Arslanian of the Law Offices of Louis C. Arslanian, Hollywood, for appellant.
Richard G. Coker, Jr. of Coker & Feiner, Fort Lauderdale, for appellees.
STONE, J.
We affirm a supplemental judgment awarding attorney's fees, costs, and interest to Gary and Joseph Dubin (Dubin), in accordance with the parties' lease agreement and pursuant to a final judgment.
Anglia Jacs & Co., Inc. (Jacs), the tenant, sued for breach of lease based on the condition of the premises and Dubin countersued for withheld rent. On the complaint, count I prayed for injunctive relief, count II sought declaratory relief, and count III prayed for damages. Dubin did not request fees in the answer.
By its counterclaim, Dubin requested damages in count I, a declaratory judgment in count II, and request to evict in count III. With the exception of count II, Dubin requested attorney's fees, costs, and pre-judgment interest at the end of each count pursuant to the terms of the lease.
In rendering judgment as to the complaint, the trial court concluded that count I was moot and that count II (declaratory relief on issue of an electric bill) was subsumed within count I of Dubin's counterclaim (breach of the lease). On count III, requesting damages for breach of the lease, the court found the evidence insufficient to support Jacs' claim and ruled in favor of Dubin.
On the counterclaim, the court first found that count III (eviction) was moot. Second, as to count II, the court found that the term of the lease agreement commenced on the date of the issuance of the certificate of occupancy, as Jacs claimed. And third, on count I of the counterclaim, the court found that Jacs had breached its lease by failing to pay its pro rata share of the electricity bill and by making unauthorized deductions from the rental payments, *171 but also found for Jacs on some issues affecting the balance owed. Finally, the trial court determined, based on Dubin's motion, that Dubin was the prevailing party in the action and was, therefore, entitled to attorney's fees and costs.
The decision that Dubin was the prevailing party is supported by the record. Jacs does not dispute either the amount of hours expended by Dubin's attorneys or the hourly rate claimed. Jacs does challenge the award of attorney's fees as including those claims on which Jacs prevailed or those deemed moot.
Determination of attorney's fees is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Baker v. Falcon Power, Inc., 788 So.2d 1104, 1106 (Fla. 5th DCA 2001)(holding that, although the trial court found Falcon Power was entitled to attorney's fees as prevailing party only as to its counterclaim, award of entire amount of fees based on finding that claims were indivisible was not abuse of discretion). However, the determination of whether multiple claims within a lawsuit are separate and distinct is a matter of law to be reviewed de novo. See Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000).
Generally, when an action for breach of contract contains alternative theories of liability for the same wrong, rather than separate and distinct claims, only one party can prevail in the same lawsuit. Lucite Ctr., Inc. v. Mercede, 606 So.2d 492, 493 (Fla. 4th DCA 1992); Reinhart v. Miller, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989). "[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Mercede, 606 So.2d at 493 (quoting Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992)).
Here, the trial court correctly recognized that the counterclaim is based on alternative theories of liability rather than separate and distinct claims. See, generally, Folta v. Bolton, 493 So.2d 440 (Fla. 1986). The lease provided that Jacs would pay a certain amount to Dubin to possess part of its property and Dubin would designate a portion of its property to Jacs to use for a fixed period of time. Jacs sued because it felt that the piece of property Dubin reserved for it was not what was bargained for and Dubin sued because Jacs stopped paying the entire amount of his rent.
The claims on which the award of attorney's fees and costs was based are not separate and distinct so as to support an independent cause of action for each, but are instead, alternative theories of liability for the same wrong. As there can only be one prevailing party when the claims are based on the same wrong, the trial court properly awarded attorney's fees to Dubin because it prevailed on the significant issues tried before the trial court. The court did not abuse its discretion in finding that it could not distinguish between the claims.
We also conclude that the notice requirement of Stockman v. Downs, 573 So.2d 835 (Fla.1991), does not preclude this award, notwithstanding that Dubin failed to seek attorney's fees in his answer or in his claim for a declaratory judgment.
When counts are intertwined, the trial courts often have no choice but to award attorney's fees as to time spent on all claims, whether fees are pled in all counts or not, as long as the prevailing party pleads entitlement sufficiently to give notice to the other party.
*172 The test to determine prevailing party for purpose of attorney's fee award is "whether the party succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Munao, Munao, Munao and Munao v. Homeowners Ass'n of La Buona Vita Mobile Home Park, Inc., 740 So.2d 73, 78 (Fla. 4th DCA 1999)(quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "When a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims." Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc., 534 So.2d 1187, 1193 (Fla. 4th DCA 1988).
In other words, where the claims involve a "common core" of facts and are based on "related legal theories," a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought. Caplan v. 1616 E. Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988)(reasoning that "time spent marshaling the facts of the sale, the condition of the car, repairs, damages, etc., likely would have been spent defending any one or all of the counts"); Regency Homes of Dade, Inc. v. McMillen, 689 So.2d 1204 (Fla. 3d DCA 1997)(plaintiffs who could not claim entitlement to fees arising on a contract claim were, nevertheless, entitled to the full award because they properly pled entitlement to another claim on which they prevailed).
In Stockman, the supreme court held that even if the party prevails on the significant issues, it waives its right to attorney's fees unless fees are requested in the pleadings. We find nothing in Stockman, however, to suggest that a request for attorney's fees must be defeated, if not pled on each count, when the court finds that counts are inextricably intertwined. Claims are "inextricably intertwined" when a "determination of the issues in one action would necessarily be dispositive of the issues raised in the other." Cuervo v. W. Lake Village II Condo. Ass'n, 709 So.2d 598, 599-600 (Fla. 3d DCA 1998); see also Warshall v. Price, 629 So.2d 905 (Fla. 4th DCA 1993).
Here, the trial court deemed the counts on which Dubin prevailed to be so inextricably intertwined that reasonable apportionment of the attorney's time was impractical. We hold that there was competent, substantial evidence to support the court's decision. See Country Manors, 534 So.2d at 1193. Accordingly, we affirm the supplemental judgment.
As to all other issues raised, we also find no reversible error or abuse of discretion and affirm.
POLEN, C.J. and GROSS, J., concur.