947 So.2d 577 (2007)
Jeffrey CHODOROW and Linda Chodorow, Appellants,
v.
Talmadge MOORE d/b/a High Standard Services, Richard Latimer, individually, and Latimer Construction Corporation, Appellees.
No. 4D05-3713.
District Court of Appeal of Florida, Fourth District.
January 3, 2007.
*578 Lee D. Mackson of Shutts & Bowen LLP, Miami, for appellants.
Richard S. Tolbert, West Palm Beach, for appellee Talmadge Moore d/b/a High Standard Services.
STEVENSON, C.J.
Jeffrey and Linda Chodorow appeal an order awarding them only a portion of the $192,023 in attorney's fees and $60,595.53 in costs they incurred during the course of litigation with appellees. For a variety of reasons, the Chodorows insist the trial court erred in failing to award them the whole of their fees and costs. We affirm the order appealed.
This appeal had its genesis in a breach of contract action brought by Talmadge Moore d/b/a High Standard Services ("Moore"), a mold remediator, when the Chodorows refused to pay amounts Moore claimed were due under a contract for the rental of dehumidifiers and air scrubbers and for remediation work. Count I alleged a breach of contract and sought recovery of the rental fees. Count II alleged a breach of contract and sought recovery of the amount owed for remediation work. Count III stated a claim for unjust enrichment, seeking the amounts owed for both the equipment rental and the work performed by Moore. The Chodorows did not dispute the allegations of count II. With respect to *579 counts I and III, the Chodorows raised a number of affirmative defenses, some of which were re-stated as counterclaims. Following a bench trial, the trial court determined Moore had breached the contract and thus found in favor of the Chodorows with respect to Moore's equipment rental breach of contract claim. Since the Chodorows had not challenged the allegations of count II, the judge found in favor of Moore. As for the Chodorows' counterclaims, the judge found in favor of Moore. The final judgment reserved jurisdiction to award the Chodorows the attorney's fees and costs incurred in defending themselves against count I. This judgment was appealed by Moore and affirmed. See Moore v. Chodorow, 925 So.2d 457 (Fla. 4th DCA 2006).
In a subsequent motion for fees and costs, the Chodorows asserted (1) that the contract between them and Moore contained a provision requiring the customer to "pay all costs of collection and all costs to enforce the terms of this agreement, including attorney's fees"; (2) that this attorney's fee provision was made reciprocal as a consequence of section 57.105(7), Florida Statutes; (3) that they had incurred some $192,023 in attorney's fees and $60,595.53 in costs; and (4) that they were entitled to the whole of these amounts as the sums were reasonable and the time spent defending the equipment rental breach of contract claim brought by Moore could not be separated from time spent on the unjust enrichment claim or the counterclaims. Additionally, in a footnote, the Chodorows asserted they were entitled to the award of all fees incurred after September 1, 2004, as a consequence of section 768.79, Florida Statutes, the offer of judgment statute, and a $25,000 offer to settle served on that date. The trial court awarded $104,350 in attorney's fees, excluding, among other things, time devoted to tasks other than the equipment rental breach of contract claim and time the court found to be unreasonable. The court awarded $19,378.35 in costs incurred through trial, $13,400 of the $42,053.16 sought for expert witness fees, and the costs of mediation.
The Chodorows first claim that the trial court should not have eliminated from the fee award time spent on tasks not specifically attributable to the breach of contract claim as all the claims litigated were "inextricably intertwined." In the event a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims and "where the claims involve a `common core' of facts and are based on `related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought [or were authorized]." Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 172 (Fla. 4th DCA 2002) (emphasis added); see also Caplan v. 1616 E. Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988) ("[W]here . . . all the claims made against a defendant involve `a common core of facts and [are] based on related legal theories,' the award of attorney's fees should not be reduced in the absence of a showing that the defendant's attorneys spent a separate and distinct amount of time in defending a count upon which no attorney's fees were awardable.") (citing Chrysler Corp. v. Weinstein, 522 So.2d 894, 896 (Fla. 3d DCA 1988)) (emphasis added). "[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." Lubkey v. *580 Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003).
In the underlying case herein, Moore claimed that the Chodorows refused to pay some $133,560 under the contract for the rental of dehumidifiers and air scrubbers and some $2,321 for remediation work. Count I alleged a breach of contract and sought to recover the $133,560 equipment rental fee; count II alleged a breach of contract and sought to recover the $2,321 remediation fee; count III stated a cause of action for unjust enrichment and sought recovery of the amounts alleged to be due in counts I and II.
The Chodorows did not dispute the allegations of count II. With respect to counts I and III, the Chodorows asserted as affirmative defenses claims that Moore fraudulently induced them to enter into the contract by representing the equipment was necessary when, in fact, it was not; that Moore had been paid a reasonable amount for the services rendered; that the amount due was unconscionable; that performance was not due because Moore first breached the contract by failing to test and monitor the air; and that Moore breached the implied warranty of fitness. Many of these affirmative defenses were then re-stated as counterclaims. Count I of the Chodorows' counterclaims, entitled "fraud," alleged Moore held himself out as an expert on airborne mold and then misrepresented the need for equipment and concealed the fact that the equipment could have been purchased for much less than the rental fee. Count II alleged breach of the implied warranty of fitness for a particular purpose. And, as an alternative to counts I and II of the counterclaims, the Chodorows sought rescission based upon Moore's misrepresentations. Finally, relying upon the alleged misrepresentations that formed the basis for the fraudulent inducement affirmative defense and fraud counterclaim, the Chodorows asserted a counterclaim for violation of Florida's Deceptive and Unfair Trade Practices Act.
At the conclusion of the non-jury trial, the trial judge found that five days after the signing of the equipment rental contract, Moore learned the Chodorows did not have an elevated airborne mold count, but failed to advise them of this and, in fact, reinforced his earlier representation regarding the existence of an airborne mold problem by advising them to move out. Consequently, the trial judge concluded Moore had breached the contract and thus was entitled to no further rental fees. The judge did, however, find in favor of Moore with respect to count II as the Chodorows had not disputed the same. As for the counterclaims, the trial court entered judgment in favor of Moore without making any additional findings. As stated earlier, the trial judge reserved jurisdiction to award the Chodorows the attorney's fees and costs incurred in defending themselves against count I, and the judgment was affirmed on appeal.
We have reviewed the record, including the time records submitted during the fee hearing, and find no error in the trial court's apparent finding that counsel for the Chodorows spent "separate and distinct time" on claims and counterclaims for which fees were not awardable. Additionally, as a consequence of our review of the time records and the "Statement of the Evidence and Proceedings," provided this court in lieu of a transcript of the fee hearing, we also reject without further comment the Chodorows' claim in point II, challenging the elimination from the fee award of those attorney hours the trial judge found to be unreasonable. See Centex-Rooney Constr. Co. v. Martin County, 725 So.2d 1255, 1258 (Fla. 4th DCA 1999) (stating that "[i]t is well settled that the determination of an award of attorneys' *581 fees is within the sound discretion of the trial court"; that "[t]he trial court's findings of fact with regard to an award of attorneys' fees are presumed to be correct"; and that "the appellate court should not substitute its judgment for that of the trial court").
Next, we turn to the Chodorows' claim that the trial court should have awarded them all fees and costs incurred after their September 1, 2004 proposal to settle. The Chodorows' offer of judgment was limited to "all of Moore's claims against the Chodorows." Consequently, the proposal could only provide a basis for the award of those fees the Chodorows incurred in defending themselves against the claims brought by Moorenot all the fees they incurred after September 1, 2004, and, particularly, not those fees incurred in prosecuting their counterclaims. Further, we find no error in the trial court's failure to award the Chodorows those post-September 1, 2004 fees associated with counts II and III. The Chodorows expressly represented to the court that they did not contest the allegations of count II of Moore's complaint and incurred no fees related to this claim. As for count III, the Chodorows have failed to point to any fees incurred with respect to that count for which they were not compensated as part of count I.
Finally, in point IV, the Chodorows complain that the trial court erred in awarding them only a portion of the fees charged by their mold expert absent a finding that any of his work was unnecessary or the fees charged were unreasonable and that the evidence before the court would not have permitted such findings. As the prevailing party and the party seeking the award of costs, it was the Chodorows who bore the burden of presenting competent, substantial evidence that their expert's rate was reasonable and that the time spent was necessary. See Gray v. Bradbury, 668 So.2d 296, 298 (Fla. 1st DCA 1996). A trial court's determination regarding the appropriate amount of a costs award is reviewed on appeal for an abuse of discretion. See Ocean Club Cmty. Ass'n v. Curtis, 935 So.2d 513, 517 (Fla. 3d DCA 2006). On this record, we simply cannot find an abuse of discretion in the amount awarded to compensate the Chodorows for the fees charged by their expert. We have considered the other claims raised by the appellants and not specifically addressed herein, but find no error.
Affirmed.
WARNER and TAYLOR, JJ., concur.