DAMOORGIAN, J.
This appeal arises out of a jury award in favor of Fred Burdett on behalf of Forte Equity, Inc. (“Forte”) and against Domenic Miele on Forte’s claim for breach of fiduciary duty. Miele sought and was awarded a set-off against the amount of damages suffered by Forte. After the trial, the trial court awarded Miele prejudgment interest on the full set-off amount and awarded Forte its attorney’s fees. Forte appeals the trial court’s award of prejudgment interest and Miele cross-appeals the attorney’s fee award in favor of Forte. We reverse the trial court’s award of prejudgment interest on the full set-off amount and affirm Forte’s attorney’s fee award.
In the underlying case, Daddono and Burdett, on behalf of Forte, filed a multi-count complaint against Miele for breach of fiduciary duty, declaratory relief determining the relative shareholder interests of Miele and the plaintiffs, and an action for accounting, requesting the court to require Forte “to provide a full accounting” of the corporation.[1] Daddono and Burdett alleged that they were shareholders of Forte, that Miele, as president of Forte, had sold the property that was the sole asset of the corporation without their consent or knowledge, and that some of the proceeds of the sale were taken for Miele’s own use and benefit. In response to the complaint, Miele pleaded as an affirmative defense that he was entitled to a set-off against Forte’s claim for unpaid salary, as well as loans and capital contributions he made to Forte. Before trial commenced, the trial court determined Daddono was not a shareholder of Forte and granted summary judgment in favor of Miele as to Daddono’s claims.
Burdett’s case proceeded to a jury trial on the breach of fiduciary duty shareholder derivative count, after which the jury found that (1) Burdett was a fifty-percent shareholder; (2) Miele had breached his fiduciary duty to the corporation causing damages of $528,745.00; and (3) Miele was entitled to a set-off in the amount $231,840.00 against the $528,745.00.[2] With respect to the set-off, the jury was not asked to delineate what, if any, amounts represented salary, loans, or capital contributions.
Post-trial, Miele sought and was granted prejudgment interest on the set-off amount representing salary owed to him. This was followed by the entry of an agreed order appointing an accountant to conduct an audit for purposes of determining, among other things, what amount of the $231,840.00 set-off represented salary owed to Miele. It was on this amount that the court would then compute the prejudgment interest due to Miele. Between the appointment of the accountant and the completion of the audit, a new trial judge was assigned the case. Upon completion of the audit, the accountant concluded that although the jury had found that $231,840.00 should be set-off against the verdict, the actual amount Forte owed Miele was $172,440.00, of which $131,914.82 represented unpaid salary.
The successor trial judge determined that his predecessor did not intend to ignore the jury’s verdict and awarded prejudgment interest on the entire amount of the set-off contained in the verdict. The court found that Miele was entitled to prejudgment interest of $182,574.00 increas *323 ing the total set-off figure to $414,414.00. This appeal follows.
Burdett, on behalf of Forte, argues that the successor judge misinterpreted the original trial judge’s order and improperly awarded prejudgment interest on those amounts which were not salary. Miele cross-appeals arguing that the trial court erred in granting Burdett attorney’s fees for the time Burdett’s attorney spent prosecuting the declaratory relief action.
After the jury trial, Miele specifically requested by motion an order “granting prejudgment interest on the salary awarded by the jury.” Miele’s motion did not request prejudgment interest on any other amount and we find no support in the record that the predecessor judge granted prejudgment interest on anything other than the salary owed to Miele. Moreover, while the order on Miele’s motion simply identifies the motion as being “granted,” we have the benefit of the successor judge’s recitation of his predecessor’s comments at the hearing on the motion for prejudgment interest:
[Bjecause Defendant’s Miele’s motion [for] prejudgment interest on the salary is granted, the court finds that the salary was liquidated amount, although there was a determination to be made as to [the] time period for which that amount was going to cover. The salary, nonetheless, was covered by an agreement. It’s rate was fixed and, therefore, was liquidated.
We take this comment to mean that the predecessor judge intended to award prejudgment interest only on that amount of the set-off which represented salary owed to Miele. Furthermore, the judge’s comment would explain why the parties stipulated to the accounting and that one of the purposes for the accounting was to determine what amount of the total set-off, as found by the jury, represented salary owed to Miele.
Miele counters that the “accounting” was not simply a hearing to determine prejudgment interest on the amount he was owed for salary. Rather, it was pursuant to an “action for accounting,” which gave the trial court broad discretion to evaluate all monies owed and due between Miele and Forte, and to settle the accounts between them. See generally Heritage Paper Co. v. Farah, 440 So.2d 389, 391 n. 2 (Fla. 1st DCA 1983) (discussing the procedure involved in an “action for accounting”); A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442, 444 (Fla. 3d DCA 1969) (same); F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962) (same).
We find no support for this argument in the record. Miele’s motion was specific in its request, seeking prejudgment interest only on the salary amount. The predecessor judge was equally specific that the scope of the accounting would include a determination of the amount of salary owed Miele, and that prejudgment interest would be awarded only on the amount of salary owed. Finally, the parties agreed to the scope of the accounting and tried this issue by consent. Cf. Brewer v. Clerk of Cir. Ct., Gadsden County, 720 So.2d 602, 604 (Fla. 1st DCA 1998) (finding dismissal for failure to comply with the statutory prerequisite proper where appellant agreed that the circuit court should decide that issue, and, thus, the court did not err in doing so). Based upon the foregoing, we hold that the trial court erred by awarding prejudgment interest on the entire amount of the set-off instead of basing the award only on the amount of salary owed Miele.
Finally, Miele cross-appeals the attorney’s fee award to Burdett as the prevailing party. The trial court granted Burdett all of his fees on his claims for breach of fiduciary duty, declaratory relief, and ac *324 counting. Miele argues that while Burdett is entitled to attorney’s fees on his derivative action for breach of fiduciary duty under section 607.07401, Florida Statutes (2004), he is not be entitled to fees on his remaining claims.
Determination of attorney’s fees is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). However, the determination of whether multiple claims within a lawsuit are separate and distinct is a matter of law to be reviewed de novo. Id. (citing Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000)). The party seeking attorney’s fees bears “ ‘an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney’s fees[.]’ ” Ocean Club Cmty. Ass’n v. Curtis, 935 So.2d 513, 517 (Fla. 3d DCA 2006) (quoting Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc., 779 So.2d 558, 559 (Fla. 5th DCA 2001)).
In actions for declaratory relief, Chapter 86, Florida Statutes provides for the provision of costs, but not attorney’s fees, in the case of a declaratory action. § 86.081, Fla. Stat. (2004); Suwannee Cnty. v. Garrison, 417 So.2d 1070, 1071 (Fla. 1st DCA 1982) (“Section 86.081, providing specifically for the award of costs, makes no provision for, and cannot be expanded to include, attorney’s fees.”) (citing Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528 (Fla. 4th DCA 1975)).
Burdett argues that even where a portion of the moving party’s attorney’s time was spent on claims for which attorney’s fees are not available, the party may nonetheless be awarded all attorney’s fees if the awardable issues are “intertwined” with the issues that are not awardable. See Regency Homes of Dade, Inc. v. McMillen, 689 So.2d 1204, 1205 (Fla. 3d DCA 1997) (concluding that a full award of attorney’s fees was proper where issues for which attorney’s fees were permitted were intertwined with issues for which attorney’s fees were not permitted); Baker v. Falcon Power, Inc., 788 So.2d 1104, 1106 (Fla. 5th DCA 2001) (same).
We have previously held that “where the claims involve a ‘common core’ of facts and are based on ‘related legal theories,’ a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney’s fees were sought.” Anglia Jacs & Co., 830 So.2d at 172 (quoting Caplan v. 1616 E. Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988)). Miele disputed Burdett’s claim that he was a shareholder. Bur-dett’s success on his declaratory relief action to determine if he was a shareholder conferred standing to pursue his derivative action as a shareholder of Forte. We hold that the trial court did not abuse its discretion by awarding Burdett his attorney’s fees for time spent on the declaratory relief action because a determination of the issue of Burdett’s status as a shareholder raised in the declaratory relief action was dispositive of one of the elements of proof required in the derivative claim.
Based upon the foregoing, we reverse the award of prejudgment interest to Miele. On remand, the court shall award prejudgment interest only on that amount of salary owed to Miele based upon the evidence presented in the accounting trial. We affirm the attorney’s fee award to Bur-dett.

Affirmed in part, Reversed in part and Remanded.

MAY, C.J., and CONNER, J., concur.

. The complaint also contained a count for rescission, which applied only to Daddono who is not a party to this appeal.

. Pursuant to the parties' stipulation, a bench trial on the count for an accounting would follow the jury trial.