WHATLEY, Judge.
Linwood Blanton appeals, and Martha and David Godwin cross-appeal, an order awarding David Godwin attorney’s fees for his consortium claim. We conclude that the trial court erred in awarding attorney’s fees for the consortium claim because the evidence did not establish that the fees awarded were solely related to the work done on that claim. We therefore reverse the award of attorney’s fees and remand to the trial court to award Mr. Godwin attorney’s fees for 3.3 hours. We do not find merit in the issues raised in the cross-appeal.
Martha Godwin was injured in an automobile accident when Linwood Blanton rear-ended her vehicle. She brought a personal injury claim and her husband brought a loss of consortium claim against Mr. Blanton. Mr. Godwin served Mr. Blanton with a proposal for settlement in the amount of $10,000, and after a trial, final judgment was entered in favor of Mr. Godwin in the amount of $15,000.[1] Although Martha Godwin served Mr. Blan-ton with a proposal for settlement, the amount of the final judgment entered in her favor, $135,000, did not exceed the proposal for settlement.
Mr. Godwin moved for fees and costs based on his proposal for settlement. See § 768.79, Fla. Stat. (2007); Fla. R. Civ. P. 1.442. Originally, the trial court ruled that Mr. Godwin was only entitled to fees specifically attributable to the consortium claim, and it rejected his argument that he was entitled to attorney’s fees for 100% of the time the attorneys expended on behalf of both claims because they were inextricably intertwined. The trial court specifically found that Mr. Godwin’s attorneys had failed to present evidence of the amount of time performed on his consortium claim as opposed to his wife’s claim. The court also specifically ruled that the attorney’s argument that it was impossible to parse out time spent solely on Mr. Godwin’s claim was insufficient.
A hearing was set to determine the amount of the fee award, at which both parties presented expert witnesses. Thereafter, the trial court entered an order granting attorney’s fees to Mr. Godwin and noted that, despite its previous order, Mr. Godwin’s attorneys again asserted that they could not itemize the amount of time which was spent on the consortium claim because it was necessary to prove the allegations in the personal injury claim in order to prevail on the consortium claim. The trial court noted that as a “fail-back” position, Mr. Godwin’s expert estimated, based on anecdotal experience, that thirty-five percent of the total time expended on the case could be attributed to the consortium claim. The trial court further noted that Mr. Blanton’s expert reviewed the billing records and testified that he could only identify approximately three hours that were directly attributable to the consortium claim.
Mr. Blanton’s expert testified that apparently, even after the trial court’s first order, no effort was made by Mr. Godwin’s attorney to identify which time records could be attributed to the consortium claim. The expert reviewed the attorney’s time records and found that only 3.3 hours of work could be attributed to the consortium claim.
Despite the testimony of both experts, the trial court found that twenty-five percent of the attorneys’ time was reasonably expended on the consortium claim.
*612 We must reverse because there was no evidence supporting this finding. The only testimony presented regarding the actual amount of time spent on the consortium claim was that of Mr. Blanton’s expert. Therefore, the trial court erred in failing to award Mr. Godwin attorney’s fees for the 3.3 hours expended on his claim.
Further, Mr. Godwin argues on cross-appeal that he should have been awarded attorney’s fees for work done in both his case and his wife’s case because the issues were so intertwined that allocation of time spent in each case was not feasible. We disagree. In Lubkey v. Compuvac Systems, Inc., 857 So.2d 966, 967 (Fla. 2d DCA 2003), Compuvac filed a complaint based on a number of theories, but prevailed on only one claim — Lubkey’s breach of a settlement agreement. However, Compuvac was awarded attorney’s fees for all their work in the case based on the theory that all the issues in the complaint were interrelated. Id. at 967-68.
This court noted that “the party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible.” Id. at 968. The award of fees was reversed in Lubkey because “Compuvac failed to meet its burden of proving either that all its attorneys’ fees were related to its count for breach of the settlement agreement or that the issues were so intertwined that the fees could not be allocated.” Id.
Similar to the present case, Compuvac presented an expert witness at the fee hearing who testified that all the issues in the complaint were interrelated, but he failed to explain why or whether he had attempted to apportion the time spent on the individual counts of the complaint. Id.-, see also Crown Custom Homes, Inc. v. Sabatino, 18 So.3d 738, 740 (Fla. 2d DCA 2009) (holding that expert testimony of attorney was not competent evidence that counts were intertwined where he testified that he could not allocate the attorney’s time sheet records to the various counts because they were intertwined and “to the greater extent I was not able to determine based on the billing time entries how to differentiate the various counts”). Here, Mr. Blanton’s expert testified that the time spent on the consortium claim was not allocated in the time records submitted by the attorney. For example, although there were meetings with both Mr. Godwin and his wife to go over answers to interrogatories, the attorney did not allocate how much time was spent on each party’s interrogatory, and Mr. Godwin’s attorney did not explain at the hearing why he did not do so in his time records. Instead, he asserted in his cross-examination of Mr. Blanton’s expert, “Everybody practices law differently. Some people take copious notes, and some do not, correct, sir?”
As the party moving for fees, Mr. Godwin had the burden to allocate them to his consortium claim or to show that the issues were so intertwined that allocation is not feasible. See Lubkey, 857 So.2d at 968. Mr. Godwin cannot meet that burden and be awarded with fees related to both claims on the basis that some people do not take copious notes. Further, Mr. God-win urges this court to adopt a blanket rule that consortium claims are always so intertwined with the spouse’s claim that allocation is never possible. We decline to do so and would note that if such a rule were adopted, in every case containing a consortium claim, where a defendant or one of the plaintiffs are entitled to fees for one claim, that party would automatically be able to obtain fees for work done on both cases.
Accordingly, we conclude that the trial court properly found that Mr. Godwin did *613 not satisfy his burden of allocating his attorney’s fees to his consortium claim or of showing that the issues were so intertwined that allocation is not feasible. However, we must nevertheless reverse the award of attorney’s fees because there was no evidence presented supporting the trial court’s finding that twenty-five percent of the attorney’s time was reasonably expended on the consortium claim. We remand with directions that the trial court award Mr. Godwin attorney’s fees for 3.3 hours expended on the consortium claim.
Reversed and remanded with directions.
KELLY and MORRIS, JJ., Concur.

. Mr. Blanton does not challenge Mr. God-win’s entitlement to fees, only the amount awarded.