MAY, J.
In this consolidated appeal, a company and board chair appeal attorneys’ fees and cost judgments resulting from an employment dispute. Discovery violations in the underlying litigation resulted in a default judgment on liability in favor of the employee. A subsequent motion for attorneys’ fees and costs resulted in a second and third judgment against the company and board chair. From these attorneys’ fees and cost judgments, the company and board chair appeal. They argue the judgments contain multiple errors. We agree in part and reverse.
The employee became the president and chief operating officer of the company. Two agreements contained the terms of his employment: an employment agreement and a business agreement. Two years later, the employee took sick leave to undergo necessary medical treatment, and the company fired him.
The employee filed a complaint against the company, the board chair, and others, who are not parties to this appeal. The relevant claims against the company included: (1) breach of the employment agreement; and (2) violation of the Family Medical Leave Act (FMLA). The relevant claims against the board chair included: (1) breach of the business agreement; (2) breach of fiduciary duty; and (3) fraud in the inducement.
The complaint alleged that the company breached the employment agreement by failing to: provide a sufficient basis for the employee’s termination, pay the employee an annual bonus, and compensate the employee for vacations. The FMLA claim alleged that the company wrongfully terminated him, and that the termination was retaliatory in nature. The breach of the business agreement claim against the board chair alleged that he withheld a loan, withheld stock shares, and failed to conduct and disclose the results of an audit. The breach of fiduciary duty claim included similar allegations. The fraud in the inducement claim focused on conduct that occurred before the employee entered into the business agreement.
The trial court struck the company’s and board chair’s pleadings as a sanction for multiple discovery violations and entered a default judgment on liability. The case proceeded to trial on damages only, which resulted in an award of $1,371,646 against the company for breach of the employment agreement and violation of the FMLA, and $8,700,286 against the board chair for breach of the business agreement, breach of fiduciary duty, and fraud in the inducement. We affirmed. Effective Teleser- *338 vices, Inc. v. Smith, 79 So.3d 35 (Fla. 4th DCA 2012).
The employee moved to tax attorneys’ fees and costs against the company and board chair. The employee’s motion sought fees for only three claims: breach of the employment agreement, breach of the business agreement, and violation of the FMLA. The employee maintained that the FMLA and article 5.08 of the employment agreement allowed for recovery of fees against the company. The employee sought fees against the board chair based on article 14.7 of the business agreement. The employee later filed a memorandum arguing that, because the claims were inextricably intertwined, he was entitled to fees against both the company and the board chair for work done on all claims.[1]
During the fee hearing, the employee’s counsel acknowledged that only the employment agreement, business agreement, and FMLA claims provided a basis to recover prevailing party attorneys’ fees. In spite of this, he admitted that he did not allocate his time among the claims that provided a basis for fees and those that did not. And yet, he admitted spending two- and-a-half hours allocating his time among the various claims after entry of the damages award and his filing of the attorneys’ fees motion.
He testified that it was not feasible to keep time records on a count-by-count basis. It was more reasonable to keep them on a “timeline” basis. Even so, he did not do that. He acknowledged that with respect to the claims against the company, the breach of employment agreement claim focused on conduct that occurred in 2005 while the FMLA claim focused on conduct that occurred between June 2004 and May 2005. Regarding the claims against the board chair, the breach of fiduciary duty claim focused on conduct after June 2003, the fraud in the inducement claim centered on conduct before June 2003, and the breach of business agreement claim focused on conduct between June 2003 and May 2005.
The employee’s counsel admitted that the business agreement against the board chair was irrelevant to the FMLA or breach of employment agreement claims against the company, that each count sought separate remedies, and that the breaches of the respective agreements were different in nature. He further admitted that the claims against the company were not alternative theories of liability against the board chair, and that a finding of liability on the claims against the company did not dispose of the claims against the board chair.
The employee’s fee expert testified that the claims were all inextricably intertwined:
We are dealing with one transaction. You have got the stuff leading up to the contracts, which was the fraud in the inducement, so you had to get into the facts relating to what led the parties to sign these two contracts. Then you have the actual contracts themselves, one being an employment contract, one being a business agreement. And then you have the breach of fiduciary duty, which is kind of the performance of the contract.
The employee’s counsel testified that one reason he sought fees against the board chair was because he treated the company as his alter ego.
*339 Both attorneys who represented the employee testified regarding the work performed and the hours billed. Mr. Feaman testified that all of the attorneys worked under his supervision and entered their time contemporaneously. He had personal knowledge of the work performed and the time billed. He reviewed the bills monthly and deleted time he considered excessive.
Mr. Doran testified that the hours billed by another partner were reasonable and most of that work was performed in his presence. He testified that the hours billed and rates charged by an associate were reasonable. He outlined the associate’s level of experience and explained the type of work performed. He also testified to the reasonableness of hours billed by a law clerk and paralegal. He edited the bills as necessary, deleting redundant or inexplicable time.
The trial court issued a detailed, seven-page order finding the employee’s case arose “out of a common core of operative facts and that the facts are inextricably intertwined between all of the counts of [the] case.” The trial court concluded that the “common core of facts” was “premised on related legal theories arising out of the negotiation, execution and performance of both the employment and business agreements.” The court determined that it was impractical to apportion the time on a claim-by-claim basis. The trial court ordered the defendants jointly and severally liable for $1,446,737.29 in fees.
The trial court further found that the company was the alter ego of the board chair. The trial court issued an amended order and judgment in which it slightly reduced the fee award to $1,434,737.29. The trial court subsequently entered a cost judgment. From these judgments, the defendants appeal.
The company and board chair both argue the trial court erred in finding that the employee’s claims were inextricably intertwined. They maintain that the claims were separate and distinct as a matter of law. The employee responds that the trial-court properly determined the claims were “related and intertwined,” justifying a joint and several fee award against both the company and the board chair for all claims.
We have de novo review. Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002).
“ ‘[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible.’ ” Chodorow v. Moore, 947 So.2d 577, 579 (Fla. 4th DCA 2007) (quoting Lubkey v. Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003)).
“Claims are ‘inextricably intertwined’ when a ‘determination of the issues in one action would necessarily be disposi-tive of the issues raised in the other.’” Anglia Jacs & Co., 830 So.2d at 172 (quoting Cuervo v. W. Lake Village II Condo. Ass’n, 709 So.2d 598, 599-600 (Fla. 3d DCA 1998)). Conversely, “claims are separate and distinct when they could support an independent action and are not simply alternative theories of liability for the same wrong.” Avatar Dev. Corp. v. DePani Constr., Inc., 883 So.2d 344, 346 (Fla. 4th DCA 2004).
The trial court relied primarily on Centex-Rooney Construction Co. v. Martin County, 725 So.2d 1255 (Fla. 4th DCA 1999), in deciding that the claims were inextricably intertwined. We find the case distinguishable. In Centex-Rooney, a county sought damages against a construction company, its surety, and other subcontractors for defective construction of a government building. Id. at 1256, 1260. The trial court entered an attorney’s fee award against both the company and its surety. *340 Id. at 1257. On appeal, the construction company argued that the fee award was excessive because it included fees for litigation of unsuccessful claims, and for claims against other parties. Id. at 1258. The county responded that the claims were inextricably intertwined. Id. at 1260.
The trial court concluded that the various claims involved a common set of facts “premised on related legal theories.” Id. We affirmed. Id. Because it would have been difficult for the attorneys to apportion the hours spent on each claim, we held that the trial court did not abuse its discretion in awarding compensation for “all hours reasonably expended on the litigation.” Id.
Subsequent to Centex-Rooney, however, we decided Current Builders of Florida, Inc. v. First Sealord Surety, Inc., 984 So.2d 526 (Fla. 4th DCA 2008). There, we held that where a party is entitled to fees for only some of the claims, the trial court “must evaluate the relationship between the claims and ‘where the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded.’” Id. at 533 (quoting Anglia Jacs, 830 So.2d at 172) (emphasis added). But, where the claims are separate and distinct, fees should be apportioned accordingly. Avatar Dev. Corp., 883 So.2d at 346. The burden remains on the mov-ant to apportion time attributable to claims for which either contractual or statutory basis for fees exist. See Franzen v. Lacuna Golf Ltd. P’ship, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998).
The multiple claims took this form in the end:
Party Claim Time Period Damages Fees Authorized
Company Breach of Employment Agreement May 2005 Wages; Benefits; Bonus Yes
Company Violation of FMLA June 2004 to May 2005 Wages; Benefits Yes
Board Chair Breach of Fiduciary Duty After June 2003 Stock Value; Loan; Interest; Bonus No
Board Chair Fraud in the Inducement Prior to June 2003 Stock Value No
Board Chair Breach of the Business Agreement June 2003 to May 2005 Loan; Interest Yes
We have previously held that claims arising out of the same contract can be considered separate and distinct. See, e.g., Fielder v.Weinstein Design Group, Inc., 842 So.2d 879, 880 (Fla. 4th DCA 2003) (allowing for competing prevailing party attorney’s fees awards because claims were separate and distinct). Fees authorized by contract apply only to claims based on the contract. Fees based on the FMLA apply only to the statutory claim. Neither of them provides for fees for the breach of fiduciary duty or fraud in the inducement claims.
The claims in this litigation arose along a timeline, but included claims that arose at different times, against different parties, sought different damages, were based on different legal theories, and pro *341 vided for attorneys’ fees for only some of the claims. Pursuant to our de novo review, and applying Current Builders’ two-part rule, we find the claims to be separate and distinct.
As separate and distinct claims, the company and board chair argue the trial court erred in awarding attorneys’ fees for the claims that did not provide for such an award by either contract or statute.[2] They further argue the employee failed to satisfy his burden of properly apportioning the time billed among the various claims. We agree.
The party seeking fees bears the burden to allocate time for which fees are awarda-ble or to show that the issues are so intertwined that allocation is unfeasible. Lubkey v. Compuvac Sys. Inc., 857 So.2d 966, 967 (Fla. 2d DCA 2003). And “[i]t is well settled that neither attorney’s fees nor costs may be awarded in the absence of an entitling provision in a contract, statute, or rule.” Frymer v. Brettschneider, 710 So.2d 10, 11-12 (Fla. 4th DCA 1998). Here, the employee’s attorneys did not allocate time to specific claims, which resulted in the trial court improperly awarding fees for claims that did not have a statutory or contractual basis. See Current Builders of Fla., Inc., 984 So.2d at 533.
We will uphold a trial court’s award of attorneys’ fees so long as it is supported by substantial, competent evidence. See Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000). In Van Diepen v. Brown, 55 So.3d 612 (Fla. 5th DCA 2011), the Fifth District explained:
It is the party seeking attorney’s fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney’s fees. If the moving party cannot meet his burden for any reason, including inadequate, confusing or imprecise timesheets or record keeping, he or she should not be awarded attorney’s fees for those vague or incomprehensible charges. That is to say, the party against whom fees are sought should not be punished because of the lack of adequate record keeping by the party seeking fees.
Van Diepen, 55 So.3d at 614 (internal citations omitted). The employee failed in his affirmative burden to apportion fees based upon claims for which fees were authorized. We therefore reverse the fee judgment and remand the case for further proceedings.[3]
Next, both the company and the board chair argue the trial court erred in not requiring all of the attorneys who personally performed work on the case to testify at the fee hearing. With this issue, we agree with the employee.
An award of attorneys’ fees “must be supported by expert evidence, including the testimony of the attorney who performed the services.” Tutor Time Merger Corp., 763 So.2d at 506. This does not *342 require, however, that every attorney who performed work on the case personally appear at the fee hearing. See Centex-Rooney, 725 So.2d at 1257.
Here, the supervising attorneys testified at the fee hearing. They had personal knowledge of the work performed by the non-testifying attorneys and staff and of their billing practices. We see no error in this regard.
The last issue we address is the cost judgment entered jointly and severally against the company and the board chair. The cost judgment did not differentiate between the costs associated with the claims against the company and those against the board chair even though some of the costs related to experts whose testimony was limited to specific claims for relief.
There were four different experts, who testified on different theories of liability and different damages. The cost of the employee’s expert concerning the punitive damages claim should have been assessed against the board chair alone, not the company. The same is true of the expert on corporate governance. This cost belonged to the board chair, not the company. Correspondingly, expert testimony concerning the statutory claim under the FMLA belonged to the company, not the board chair.
We therefore reverse and remand the case to the trial court to allow employee’s counsel to apportion their time according to those claims that have either a contractual or statutory basis for fees and to further apportion the time according to the party against whom those claims were directed. The expert witness costs.should be apportioned between the company and board chair according to the claims against each. See Rosen Bldg. Supplies, Inc. v. Krupa, 927 So.2d 899, 900 (Fla. 4th DCA 2005) (finding claims were not inextricably intertwined, remanding the fee award, and ordering the trial court to deduct the amount of fees and costs incurred in pursuing the unsuccessful claim).

Reversed and Remanded.

DAMOORGIAN, C.J., and GROSS, J., concur.

. The record reveals that employee’s counsel developed his theory based on a portion of Judge Crow’s default judgment order which stated: "[The employee’s] initial claims arose out of a common core of operative facts .... ”

. The board chair also argues that he never signed the business agreement in his individual capacity. However, the employee alleged that he had done so, and the default judgment entered on liability was an admission of the allegation. Mullne v. Sea-Tech Constr., Inc., 84 So.3d 1247, 1248-49 (Fla. 4th DCA 2012).

. The alter-ego theory employed by the employee cannot transform separate claims into inextricably intertwined claims. The trial court’s conclusion that the board chair was, as a matter of law, an alter ego of the company simply fails to justify the joint and several attorneys’ fees award. See, e.g., Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489, 499 (Fla. 4th DCA 2001) (failure to real-lege allegations in distinct counts caused a failure to state a claim for relief).