May, J.
A remand for allocation of an attorney’s fees award brings this case back to us for a second time. In our prior decision, we *211 affirmed the defendants’ entitlement to attorney’s fees, limited to defense of the plaintiffs injunctive relief claims. On remand, the trial court awarded no attorney’s fees to the defendants. The defendants now appeal. We find merit in their argument that the court exceeded the scope of our mandate upon remand. We therefore reverse.
This litigation arose from a dispute over a non-compete agreement. The plaintiff sought injunctive relief and damages against the individual defendants and damages against the corporate defendant for tortious interference with the contract. The plaintiff ultimately voluntarily dismissed the case, and the defendants (both corporate and individual) requested attorney’s fees.
The individual defendants based their attorney’s fees motion upon the contract’s fee provision and section 57.105(7), Florida Statutes (2013). They also requested fees based on section 542.22, Florida Statutes (2013). The corporate defendant sought fees based only on section 542.22, Florida Statutes (2013).
The parties agreed to the reasonable hourly rate and the reasonable number of hours expended, but the plaintiff disputed entitlement. At the fee hearing, the defendants admitted their failure to plead a request for attorney’s fees in their answer, but argued their pretrial statement put the plaintiff on notice of their fee request. The trial court found the defendants were entitled to fees as prevailing parties under the contract and section 57.105 and awarded $28,366.85 in attorney’s fees.
The plaintiff appealed and argued that none of the parties were entitled to fees because they failed to request fees in their answer. We held that by including a request for fees in their pretrial statement, the defendants sufficiently provided notice to the plaintiff. But, we limited their entitlement to fees to the defense of the plaintiffs claim for injunctive relief. We then remanded the case “for the trial court to conduct an additional hearing as to the amount of fees to be awarded in this matter ... limited to work related to the injunction counts of the complaint.” Shirley’s Pers. Care Servs. of Okeechobee, Inc. v. Boswell, 165 So.3d 824, 829 (Fla. 4th DCA 2015).
On remand, defense counsel provided a “breakdown on time,” listing work related to motions and discovery, and percentages of time attributed to the injunctive relief counts. An expert witness affidavit was also provided attesting to the reasonableness of the hours and hourly rate.
Defense counsel testified that he did not keep records sufficient to separate the work performed on the injunctive relief count. He explained that he broke down the type of work performed into categories: (a) generic information related to both counts; (b) work specific to the in-junctive relief count; and (c) work related to the breach of contract count. He testified that 6.55% of the work was directly related to the breach of contract count and 93.45% of the total time expended was related to the injunctive relief claim. Multiplying 96.104 hours to the stipulated reasonable hourly rate of $250, the defendants requested $24,026 in fees.
Plaintiffs counsel argued that the amount of fees should be less than $3,000 based on his expert witness’s testimony. The trial court denied the motion for attorney’s fees based on a lack of evidence of reasonable hours expended. The defendants now appeal.
The defendants argue the trial court exceeded the scope of our mandate by denying fees entirely when the remand was limited to allocating the fees related to the injunctive relief counts. The reason *212 ableness of the hourly rate and amount of hours expended had been stipulated to before the first appeal. They argue that they made a sufficient showing to allocate fees for the injunctive relief counts by testimony, documents, and affidavits. The plaintiff responds that the defendants failed to prove the reasonable hours worked for the injunctive relief count.
“It is the party seeking attorney’s fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney’s fees.” Van Diepen v. Brown, 55 So.3d 612 (Fla. 5th DCA 2011). “[W]here the claims involve a ‘common core’ of facts and are based on ‘related legal theories,’ a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney’s fees were sought.” Anglia Jacs & Co., Inc. v. Dubin, 830 So.2d 169, 172 (Fla. 4th DCA 2002).
Here, defense counsel reviewed his time sheets and assigned a percentage of each entry to the injunctive relief claim. And, while the time sheets did not differentiate between the claims when the time sheets were created, counsel testified to how he allocated the time recorded. Counsel provided an expert witness affidavit, attesting to the reasonableness of the time expended. In short, defense counsel sufficiently proved which of the billed hours were allocated to the injunctive relief claim.
Because the parties had stipulated to the reasonableness of the hourly rate and the hours expended prior to the first appeal, there was no need for defense counsel to start all over again. See, e.g., Tucker v. Tucker, 513 So.2d 733, 734 (Fla. 2d DCA 1987) (parties can agree to aspects of a fee award obviating otherwise required proof). All that was required by our prior decision was an allocation of the time expended for the injunctive relief claim, the one claim for which fees were authorized. Failing to address the plaintiffs stipulation that $28,366.85 was a reasonable fee at the first hearing, even the plaintiffs expert testified to “around $3,000” as a reasonable fee. Yet, the trial court awarded none.
The dissent suggests that we are in conflict with Effective Teleservices, Inc. v. Smith, 132 So.3d 335, 340-41 (Fla. 4th DCA 2014) (May, J.). We disagree. In Effective Teleservices, the claims “arose along a timeline, but included claims that arose at different times, against different parties, sought different damages, were based on different legal theories, and provided for attorneys’ fees for only some of the claims.” Id. Here, the claims occurred during the same time frame and against the same parties. The attorney seeking fees apportioned his time by providing percentages attributable to the injunctive relief claim for each entry, and the opposing side had previously stipulated to the reasonableness of the hours expended and the hourly rate. These are facts far different from those in Effective Teleservices. And, the plaintiffs expert did not attempt to contradict or reapportion what part of the originally agreed upon fee was attributable to defense of the injunctive relief claim.
We reverse and remand the case for entry of a fee award in the amount of $24,026, which accounts for 93.45% of the total fees incurred in defending the two count complaint that was ultimately voluntarily dismissed.

Reversed and remanded.

Warner, J., concurs.
Artau, Edward L., Associate Judge, dissents with opinion.