WALLIS, J.
Jessica Conti was sued by James Auchter after she rear-ended his truck with her car. He sought damages for lower back injuries, and Ashlee Auchter, James's wife, *1251 sued for loss-of-consortium. James served Conti a proposal for settlement for the personal injury claim, and Conti served Ashlee a proposal for settlement for the loss-of-consortium claim. Neither party accepted the proposed settlement offers. Ultimately, the jury concluded that James had not suffered a permanent injury. As a result, the jury did not award Ashlee any damages for her loss-of-consortium claim.
In connection with the rejected proposal for settlement, Conti moved for attorney's fees for defending both claims, arguing that James's injury claim was inextricably intertwined with Ashlee's loss-of-consortium claim. The trial court, while acknowledging the intertwined nature of the claims, found that the claims were not inextricably intertwined because the loss-of-consortium claim is derivative. Because this was error, we reverse.
"[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." Effective Teleservices, Inc. v. Smith, 132 So.3d 335, 339 (Fla. 4th DCA 2014) (quoting Chodorow v. Moore, 947 So.2d 577, 579 (Fla. 4th DCA 2007) ). "Claims are 'inextricably intertwined' when a 'determination of the issues in one action would necessarily be dispositive of the issues raised in the other.' " Id. (quoting Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 172 (Fla. 4th DCA 2002) ). In other words, "where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought." Boswell v. Shirley's Pers. Care Servs. of Okeechobee, Inc., 211 So.3d 210, 212 (Fla. 4th DCA 2017) (quoting Anglia Jacs & Co., 830 So.2d at 172 ).
The derivative nature of a loss-of-consortium claim, while being a separate cause of action, supports the conclusion that the instant claims are inextricably intertwined. See § 627.737, Fla. Stat. (2012) ("In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided ... a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience ... only in the event that the injury or disease consists [of, inter alia ,] ... [p]ermanent injury within a reasonable degree of medical probability ...."); Randall v. Walt Disney World Co., 140 So.3d 1118, 1121 (Fla. 5th DCA 2014) ("Florida case law recognizes that loss-of-consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium." (quoting Orange Cty. v. Piper, 523 So.2d 196, 198 (Fla. 5th DCA 1988) ) ). Both claims were based on a core set of facts and the determination of the permanency issue was dispositive in the consortium claim. See Boswell, 211 So.3d at 212 ; Effective Teleservices, Inc., 132 So.3d at 339. Therefore, when, like here, a defendant successfully defeats a loss-of-consortium claim by proving a lack of permanency of the plaintiff spouse's injury, then the claims are inextricably intertwined. See Boswell, 211 So.3d at 212 ; Effective Teleservices, Inc., 132 So.3d at 339.
Despite the Auchters' arguments to the contrary, we are unconvinced that Saunders v. Dickens, 103 So.3d 871, 881 (Fla. 4th DCA 2012), decision quashed on other grounds, 151 So.3d 434 (Fla. 2014), or Blanton v. Godwin, 98 So.3d 609, 612 (Fla. 2d DCA 2012), precludes this holding. The courts in Saunders and Blanton refused to make a blanket rule that loss-of-consortium claims are always inextricably intertwined *1252 and emphasized that a purely legal argument was insufficient to establish that the claims are inextricably intertwined. See Saunders, 103 So.3d at 881 (holding error where trial court found loss-of-consortium claim inextricably intertwined based on defendant's legal argument and not based on evidence); Blanton, 98 So.3d at 612 (holding the party who moved for attorney's fees failed to meet his burden of either presenting evidence that the claims were inextricably intertwined or allocating his time, and declining to adopt a blanket rule that loss-of-consortium claims are always inextricably intertwined). We agree that such a blanket rule is unwise. Yet, unlike the parties seeking fees in Saunders and Blanton, Conti presented both legal argument and expert testimony that established that the claims in this case were inextricably intertwined because she challenged the permanency of James's injury to successfully defeat Ashlee's loss-of-consortium claim. See Saunders, 103 So.3d at 881 ; Blanton, 98 So.3d at 612. Thus, the lower court erred when it concluded that the claims were not inextricably intertwined.
Consequently, we reverse and remand with instructions for the trial court to conduct an evidentiary hearing for Conti to present evidence in support of her requested attorney's fees, and for the trial court to consider the reasonableness of the requested hours with the understanding that Ashlee's loss-of-consortium claim is inextricably intertwined with James's negligence claim. We affirm in all other respects.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with Instructions.
ORFINGER and BERGER, JJ., concur.