DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PENNY COHEN-EMANUEL** and **DEAN EMANUEL,**
Appellants,

v.

**COSTCO WHOLESALE CORPORATION,**
Appellee.

No. 4D20-185

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-2016-CA-003968-XXXX-MB.

David J. Zappitell and Gabriel F. Zambrano of Zappitell Law Firm, P.L., Delray Beach, for appellants.

David F. Cooney and Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, for appellee.

GERBER, J.

The plaintiff-husband appeals from the trial court's final costs judgment against him and in the defendant's favor after he voluntarily dismissed his loss of consortium claim on the first day of trial, which then proceeded to a defense verdict on the plaintiff-wife's primary liability claim. The husband argues the trial court erred for four reasons: (1) the costs awarded against him were merely duplicative of the costs awarded against the wife and not related to his derivative loss of consortium claim; (2) the defendant merely relied upon the evidence supporting a prior costs judgment against the wife and thus failed to re-introduce an evidentiary predicate for the costs judgment against the husband; (3) the judgment failed to itemize the costs awarded against the husband and included a $6,000.36 mathematical error; and (4) the trial court lacked jurisdiction when it entered the costs judgment against the husband because the trial court's prior costs judgment against the wife did not reserve jurisdiction to award costs against the husband.

We affirm on all arguments, with the exception of the third argument's reference to the $6,000.36 mathematical error, which the defendant properly concedes requires correction of the costs judgment against the husband.

On the first and second arguments, we recognize "no blanket rule exists that automatically deems a loss of consortium claim as necessarily 'inextricably intertwined' with the primary liability claim for purposes of awarding attorneys' fees and costs." *Signal Hill Golf Course, Inc. v. Womack*, 309 So. 3d 707, 708 (Fla. 1st DCA 2020). Instead, "[t]he prevailing approach is to require the party seeking to recover attorneys' fees and costs to shoulder the burden to allocate them to [the] consortium claim *or* to show that the issues were so intertwined that allocation is not feasible." *Id.* at 709 (emphasis in original; citation and internal quotation marks omitted). Here, the defendant presented both argument and competent substantial evidence, in the form of expert witness testimony, to support the trial court's finding that the husband's loss of consortium claim was inextricably intertwined with the wife's primary liability claim. *See Conti v. Auchter*, 266 So. 3d 1250, 1252 (Fla. 5th DCA 2019) (reversing the trial court's denial of the defendant's motion for fees where the defendant presented both argument and evidence establishing that the loss of consortium claim was inextricably intertwined with the primary liability claim).

On the third argument, other than the $6,000.36 mathematical error, the final judgment was accurate and corresponded exactly to the defendant's submitted itemized cost schedule. The costs judgment against the husband did not include any of the trial costs which the defendant incurred after the husband voluntarily dismissed his loss of consortium claim, and the judgment provided the husband with the same pre-trial cost reductions which the trial court had applied in its earlier costs judgment against the wife. The trial court also properly ordered that the wife's payment of any overlapping costs would result in a credit to the husband, and vice versa.

On the fourth argument, we recognize that, in the trial court's judgment in the defendant's favor on the wife's primary liability claim, the trial court stated "[t]he Court reserves jurisdiction to tax fees and costs if and as appropriate[,]" without referring to the husband's voluntarily dismissed loss of consortium claim. We further recognize that, in the trial court's later-entered costs judgment against the wife, the trial court stated "[j]urisdiction of this case is retained to enter further Orders that are proper to compel the [wife] to [provide discovery in aid of execution],"

without referring to the husband's voluntarily dismissed loss of consortium claim.

However, these two judgments' lack of reference to the husband's loss of consortium claim did not preclude the trial court from exercising jurisdiction to later enter a costs judgment against the husband. Once the husband voluntarily dismissed his loss of consortium claim, the defendant was entitled to seek its costs against the husband pursuant to Florida Rule of Civil Procedure 1.420(d) ("Costs in any action dismissed under this rule *shall* be assessed and judgment for costs entered in that action ....") (emphasis added). As our sister court held in *Golub v. Golub*, 336 So. 2d 693 (Fla. 2d DCA 1976):

> Costs are statutory allowances recoverable by the successful party as an incident to the main adjudication. They are neither part of the damages claimed nor a penalty and need not be specially pleaded or claimed. The amount of costs does not affect the jurisdiction of the court. Unlike the substantive issues in a lawsuit, we know of no rule which precludes a court from later entertaining a motion to tax costs even though it has not reserved jurisdiction to do so.

*Id.* at 694 (internal citations omitted).

Based on the foregoing, we affirm the trial court's costs judgment against the husband, but remand for the trial court's ministerial correction of the $6,000.36 mathematical error in the judgment. No further hearing shall be required for that ministerial correction.

*Affirmed but remanded to correct the costs judgment's mathematical error.*

CIKLIN and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**