COWART, Judge.
The appellee, as defendant below, had a witness attend a jury trial for one and one-half days to prepare to present testimony. Appellee intended to have the witness, an appraiser, qualified in its case as an expert witness to give an opinion as to value, which was in issue in the plaintiff’s case. However, the trial court correctly directed a verdict in defendant’s favor at the close of the plaintiff’s case. Therefore, this witness was never qualified as an “expert” to give his opinion and never testified. Notwithstanding, the trial judge found $650 to be a fair and reasonable fee for the witness and taxed that sum against appellant as costs.
Appellee cites Florida Rule of Civil Procedure 1.420(d) providing for costs in any action dismissed under that rule. That rule is inapplicable because Rule 1.420(b) provides for an involuntary dismissal for insufficiency of proof “after a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence ...” and this was a jury trial. In any event, that rule begs the question here, which is whether an expert fee is a taxable cost under the circumstances. Section 92.231(2), Florida Statutes (1981), provides for the allowance of an expert witness fee for any expert or skilled witness “who shall have testified in any cause.” Florida Rule of Civil Procedure 1.390(c) provides that “an expert or skilled witness whose deposition is taken shall be allowed a witness fee.... ” Counsel at oral argument conceded that this witness had never been deposed. Costs are taxable only where authorized by statute or rule. No applicable statute or rule permitting the allowance of an expert witness fee under the circumstances in this case has been directed to our attention.
The cost judgment for an allowance for an expert witness is reversed and the appealed judgment is otherwise affirmed.
AFFIRMED in part; REVERSED in part.
ORFINGER and SHARP, JJ., concur.