464 So.2d 234 (1985)
KMS OF FLORIDA CORP., Appellant,
v.
MAGNA PROPERTIES, INC., Appellee.
No. 84-83.
District Court of Appeal of Florida, Fifth District.
February 28, 1985.
*235 Thomas E. Shine, Melbourne, for appellant.
Elting L. Storms of Storms, Krasny, Normile, Dettmer, Gillin & Frese, P.A., Melbourne, for appellee.
ORFINGER, Judge.
This appeal is from a final order assessing costs and attorney's fees to appellee, as the prevailing party in an action to foreclose a mechanic's lien.[1]
We reverse that portion of the order assessing an expert witness fee because no expert witness testified for appellee. See Junkas v. Union Sun Homes, Inc., 412 So.2d 52 (Fla. 5th DCA 1982). Appellee's argument that it is nevertheless entitled to an expert witness fee because the witness was prepared to testify and would have done so but for the directed verdict in appellee's favor, was considered and rejected in Junkas. The argument overlooks § 92.231, Florida Statutes (1983) which permits the award of an expert witness fee to a witness who has been called in a civil trial as an expert and who "is permitted by the court to qualify and testify as such," and "who shall have testified" in the cause. Appellee's reliance on the State-Wide Uniform Guidelines For Taxation of Costs promulgated by the Florida supreme court in an Administrative Order on October 29, 1981 [7 F.L.W. 517] is misplaced, because the administrative order, by its terms, does not purport to alter the substantive law with regard to the entitlement to any item of costs. Moreover, section 2A of the Guidelines clearly requires that the expert witness testify to be entitled to the award of a fee.
We also reverse that portion of the order which assessed the cost of a bond premium ($586.00) and the cost of a letter of credit to induce issuance of the bond ($788.91) because the appellee had neither title nor interest in the property nor an interest in the contract under which the lien was claimed. See § 713.24, Florida Statutes (1983). In fact, its non-ownership was the very basis on which it prevailed in the action. As such, there was no obligation for it to post a bond nor did it have any legal interest to protect by so doing.
In all other respects, the order appealed from is affirmed.
AFFIRMED in part and REVERSED in part.
COWART, J., and POWELL, R.W., Associate Judge, concur.
NOTES
[1] Appellant, as plaintiff, filed the original action in two counts: one count to foreclose a mechanic's lien, and the other count seeking damages for breach of the contract involved in the first count. At trial, a directed verdict was entered for appellee because appellee was not the owner of the property nor had it entered into the contract with appellant. The final judgment entered on the directed verdict was affirmed without opinion. KMS of Florida Corp. v. Magna Properties, Inc., 450 So.2d 507 (Fla. 5th DCA 1984).