JOANOS, Judge.
Ernest Charles Downs has appealed an order of the trial court denying his motion for attorney’s fees pursuant to Section 119.12, Florida Statutes (1985), the Public Records Act. We reverse and remand for the determination of a reasonable attorney’s fee.
*247 In September 1985, Downs’ counsel sought the results of a polygraph examination of Downs’ co-defendant under Chapter 119, the Florida Public Records Act. State Attorney Austin denied the request and, in December 1985, Downs filed a petition for writ of mandamus to compel production of the polygraph results. The trial court dismissed the petition, finding that the polygraph was exempt from production under the Act. Downs appealed to this court, which reversed and directed issuance of the writ. See Downs v. Austin, 522 So.2d 931 (Fla. 1st DCA 1988).
Downs then filed with the trial court the instant motion for attorney’s fees, citing Section 119.12(1), Florida Statutes (1985):
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys’ fees.
Section 119.12(2) further provides that “[w]henever an agency appeals a court order requiring it to permit inspection of records pursuant to this chapter and such order is affirmed, the court shall assess a reasonable attorney’s fee for the appeal against such agency.”
The trial court denied Downs’ motion. Noting that “attorney’s fees by statute is a derogation of common law and thus must be strictly construed,” the court interpreted Section 119.12(1) to allow a trial fee only when access was granted at the trial level, and an appellate fee only when an agency unsuccessfully appealed an order granting access. No fee was held awardable in a situation, as here, where the plaintiff was denied access at trial, but eventually was granted access on appeal.
A literal statutory interpretation is incorrect when it leads to an unreasonable result or to a purpose not designated by the lawmakers. Great Outdoors Trading, Inc. v. City of High Springs, 550 So.2d 483 (Fla. 1st DCA 1989). The purpose of the Public Records Act is the promotion of “the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.” § 119.01, Fla.Stat. (1985). Further, the Act is to be liberally construed in favor of open government to the extent possible in order to preserve our basic freedom. Downs v. Austin, 522 So.2d 931, 933 (Fla. 1st DCA 1988). Section 119.12, a part of the Act and intended as a tool for its enforcement, see Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1148 n. 4 (Fla.1985), should therefore be liberally construed so as to best enforce the promotion of access to public records.
Finally, the holding of the trial court is directly contrary to the statutory language requiring assessment of “all reasonable costs of enforcement” against an agency whose refusal to disclose is judicially held unlawful. More consonant with this langauge and the purpose of the Act is the holding of News and Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987) that “[i]t is appropriate that a member of the public commencing litigation to enforce disclosure and whose right to disclosure is ultimately vindicated by court order at least have his attorney’s fees reimbursed for that endeavor.” News and Sun-Sentinel at 744. We therefore find that Section 119.12(1) is properly construed to permit an award of trial-level attorney’s fees, upon motion properly filed in the trial court, after an appellate ruling that the trial court has incorrectly held lawful an agency’s denial of access.
Further, the provision in Section 119.12 for an award of appellate fees when an agency unsuccessfully appeals an order granting access does not bar a plaintiff from obtaining appellate fees for successfully appealing a denial of access. We agree with appellant that it was simply intended, consistently with the purpose of the Act, to serve as a disincentive for an agency to further delay access to public records by pursuing an appeal which is without merit. However, at the time of the first appeal herein, no fee was sought in accordance with the appellate rules. We therefore find that appellant is entitled to *248 reasonable fees for services rendered during the trial-level enforcement action only.
Appellant has moved for attorney’s fees for services rendered in the instant appeal, again citing Section 119.12(1), Florida Statutes. However, this section permits the award of fees only in civil actions seeking to require an agency to permit the inspection, examination or copying of a public record. No fee is authorized for efforts expended to obtain the statutory fee. Rule 9.400(b), Florida Rules of Appellate Procedure, provides that “[a] motion for attorney’s fees ... shall state the grounds upon which recovery is sought.” Because the statute cited in the attorney’s fee motion provides no authority for the award of that fee, the motion is denied.
Reversed and remanded with directions.
BOOTH and ALLEN, JJ., concur.