661 So.2d 331 (1995)
SCHOOL BOARD OF ALACHUA COUNTY, Florida, Appellant,
v.
Darnell RHEA, Appellee.
No. 94-4161.
District Court of Appeal of Florida, First District.
September 22, 1995.
Rehearing Denied November 6, 1995.
Thomas L. Wittmer, Gainesville, for appellant.
*332 Joseph W. Little, Gainesville, for appellee.
PER CURIAM.
The School Board of Alachua County (the Board) appeals the trial court's order directing it to pay Darnell Rhea's appellate attorney's fees. For the reasons set out below, we must reverse the award of appellate fees.
Rhea brought suit against the Board for an alleged violation of section 286.011, Florida Statutes (1991), which is commonly known as the "Government in the Sunshine Law." The trial court granted summary judgment for the Board, finding that the Board's holding a workshop outside Alachua County did not violate the statutory requirement that meetings of state, county and municipal boards or commissions be open to the public. On appeal, this court reversed the summary judgment, concluding "that the Board's workshop held at a hotel in Orlando ... did not afford the citizens of Alachua County a reasonable opportunity to attend." Rhea v. School Bd. of Alachua County, 636 So.2d 1383, 1386 (Fla. 1st DCA 1994). The case was remanded to the trial court "for consistent proceedings." Rather than file a timely motion for appellate attorney's fees, Rhea waited until after the mandate issued, and then asked this court to recall its mandate and direct the trial court to award appellate fees. Rhea's request was denied.
On remand to the trial court, Rhea filed a motion for appellate attorney's fees pursuant to § 286.011(4).[1] The trial court granted the motion and awarded appellate fees, concluding that it was authorized by § 286.011(4) to award such fees in the first instance.
We reject Rhea's argument that the mandatory language in § 286.011(4)  "the court shall assess a reasonable attorney's fee"  indicates that appellate fees are awarded automatically without the need for a motion in the appellate court. In Downs v. Austin, 559 So.2d 246 (Fla. 1st DCA), rev. denied, 574 So.2d 140 (Fla. 1990), this court held that section 119.12, Florida Statutes (1985), which employs identical mandatory language to authorize recovery of attorney's fees in public records cases, only permits the recovery of appellate attorney's fees in accordance with the appellate rules. In short, the mandatory language does not supersede the requirements of Florida Rule of Appellate Procedure 9.400(b) pertaining to the award of attorney's fees. See also Salley v. City of St. Petersburg, 511 So.2d 975 (Fla. 1987) (despite mandatory language in the attorney's fee statute, the appellate court may deny fees where the party seeking fees fails to file a motion in accordance with rule 9.400(b)).
As in Downs, Rhea failed to seek a fee in accordance with the appellate rules, and this court properly denied Rhea's nonconforming motion. Section 286.011(4) does not supersede the appellate rules, nor does it authorize the trial court to make an initial award of appellate attorney's fees.
Accordingly, the trial court's order awarding appellate attorney's fees is reversed.
BOOTH, MINER and MICKLE, JJ., concur.
NOTES
[1] Section 286.011(4) provides in pertinent part:

Whenever an action has been filed against ... any agency or authority of any county, municipal corporation, or political subdivision to enforce the provisions of this section ... and the court determines that the defendant or defendants to such action acted in violation of this section, the court shall assess a reasonable attorney's fee against such agency... .