SHAHOOD, J.
Richard P. Krupa (Krupa) was employed by Rosen Building Supplies, Inc. (Rosen) as a salesman. After his employment was terminated, Krupa filed suit against Rosen seeking unpaid wages pursuant to section 448.08, Florida Statutes. He asserted that he had been terminated without good cause and that he was entitled to past and future unpaid wages through the end of the term of the written employment agreement. In addition, Krupa also sought prejudgment interest, costs, interest, and attorneys’ fees.
Rosen answered the complaint, denying that Krupa was due unpaid wages and asserting that Krupa’s claim was essentially one for breach of contract rather than one for unpaid wages under section 448.08. In addition, Rosen counterclaimed for conversion based on Krupa’s use of the company credit card for his personal expenses. Rosen later amended its counter petition *900 to state a claim for breach of contract rather than conversion.
A three-day trial on the issue of which party breached the employment agreement took place. Rosen asserted that Krupa had breached the agreement by, among other things, making personal charges on the company American Express card. Krupa’s position was that he routinely made personal charges, but each month highlighted the personal charges on the statement so that they could be deducted from the commission owed him by the company. There was evidence that, prior to trial, Krupa had sent a check in the amount of $1,107.42 to the company as reimbursement for personal expenses that Krupa had charged to the company’s American Express account.
Following the trial, the jury returned a verdict finding that Krupa had not been wrongfully terminated, but that Rosen owed him unpaid salary in the amount of $300.00 and unpaid commission in the amount of $1,700.67. The jury rejected Krupa’s wrongful termination claim, and awarded him nothing on his claim for future damages. On Rosen’s counterclaim, the jury found that Krupa breached the employment agreement and awarded Ro-sen $1,107.42.
Subsequently, Rosen filed a motion to tax costs and fees based on Krupa’s prior rejection of a proposal for settlement in the amount of $40,000. Krupa also filed motions to award attorney’s fees based on section 448.08, Florida Statutes, and costs based on sections 57.041 and 57.071, Florida Statutes.
The trial court found that Krupa “prevailed on [his] significant claim for past wages and bonus, but failed on [his] claim for breach of contract.” The court also found that Rosen “prevailed on its significant claim for breach of contract but failed on its claim that it did not owe [Krupa] for past wages and bonuses.” The court found also that the issues were inextricably intertwined, and awarded Krupa costs in the amount of $12,990.28 and attorney’s fees in the amount of $141,500 for time spent in defending as well as prosecuting the claims.
The issue of whether multiple claims within a lawsuit are separate and distinct for purposes of an award of attorney’s fees is a matter of law to be reviewed de novo. See Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). “[C]laims are separate and distinct when they could support an independent action and are not simply alternative theories of liability for the same wrong.” Avatar Dev. Corp. v. DePani Constr., Inc., 883 So.2d 344, 346 (Fla. 4th DCA 2004)(citing Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986)). Upon review, we disagree with the trial court’s conclusion that the claims in this case were inextricably intertwined. Following the Avatar criteria, Krupa’s section 448.08 unpaid wages claim was entirely independent of and distinct from Rosen’s breach of contract claim.
We hold that Krupa was the prevailing party in his claim based on section 448.08. As such, he is entitled to fees incurred in pursuing that claim. At the same time, Krupa did not prevail on his wrongful termination/breach of contract claim, as evidenced by his failure to obtain an award of future unpaid wages; therefore, it was error for the trial court to award Krupa fees incurred in pursuing that latter claim. Accordingly, we reverse the order awarding fees and remand for the trial court to conduct an evidentiary hearing or determine from the record the fees and costs incurred by Krupa in pursuing the claim on which Krupa was not successful, and deduct that amount from the fee award. See Warshall v. Price, 629 So.2d 905 (Fla. *901 4th DCA 1993)(holding that employee was entitled to fees for unsuccessful claim seeking unpaid wages because it was intertwined with successful claim, but reversing fee award on unsuccessful claim which was separate and distinct, and remanding for fee award to be reduced by amount spent on that claim).

Reversed and Remanded with directions.

STONE and GROSS, JJ., concur.