PER CURIAM.
Paul C. Moyer, appellant, seeks review of the Public Employee Relations Commission’s (the Commission) order upholding his dismissal from the employ of the Florida Department of Transportation (the Department). We find no error in Moyer’s dismissal for conduct unbecoming a public employee, in violation of Rule 60L-36.005(3)(f), Florida Administrative Code (2012). However, we conclude that the Department failed to comply with the pre-dismissal notice requirements provided by statute, and reverse and remand on that basis.
Florida law provides:
In extraordinary situations such as when the retention of a career service employee who has satisfactorily completed at least a 1-year probationary period in his or her current position would result in damage to state property, would be detrimental to the best interest of the state, or would result in injury to the employee, a fellow employee, or some other person, such employee may be suspended or dismissed without 10 days’ prior notice, provided that written or oral notice of such action, evidence of the reasons therefor, and an opportunity to rebut the charges are furnished to the employee prior to such dismissal or suspension. Such notice may be delivered to the employee personally or may be sent by certified mail with return receipt requested. Agency compliance with the foregoing procedure requiring notice, evidence, and an opportunity for rebuttal must be substantiated.
§ 110.227(5)(b), Fla. Stat. (2012) (emphasis added).
Moyer’s dismissal stemmed from two voicemails he left two of his co-workers, Ken and Krista Shooltz, in the early morning hours of September 10, 2012. The voicemails asserted that someone was harassing Moyer at his residence; that the Shooltzs were somehow connected to the harassment; that Moyer was no longer going to tolerate the behavior; and that he was prepared to use his firearms. After arriving at work, the Shooltzs played the voicemails for their supervisors. David Robertson, the Department’s Chief District Counsel, spoke with Moyer over the telephone later that day, asking Moyer to *285 provide his version of what prompted him to leave the voicemails.
Subsequent to the telephone conversation, Moyer was dismissed. Moyer appealed his dismissal to the Commission, which granted an evidentiary hearing before a hearing officer. Following the hearing, the hearing officer issued a recommended order, which was later adopted by the Commission, in which the officer found that the Department had appropriately utilized the extraordinary situation procedure described in section 110.227(5)(b). This finding was based on the conversation between Moyer and Robertson.
At the evidentiary hearing concerning Moyer’s dismissal, Robertson testified that he never told Moyer that he was facing disciplinary action or that he was under investigation for any wrongdoing. Further, there is no indication that Moyer knew that his conversation with Robertson was his opportunity to rebut the charges levelled against him. Considering that Moyer did not know he was facing charges, it is unclear how he could have known that his telephone call with Robertson was his statutorily required rebuttal opportunity. Thus, the Moyer-Robertson conversation cannot qualify as the notice contemplated by section 110.227(5)(b). Moreover, the Department presented no other evidence that it complied with the extraordinary situation procedure before it took action against Moyer. Therefore, we reverse with instructions that Moyer be awarded ten days’ back pay. See Hooker v. Dep’t Mgmt. Servs., 27 FCSR 171, 173 (PERC 2012) (remanding for award of ten days’ back pay where agency failed to properly implement the extraordinary dismissal procedures of section 110.227(5)(b)).
Finally, Moyer requested attorney’s fees in his initial brief. Because he failed to file a motion in accordance with Rule 9.400(b), Florida Rules of Appellate Procedure, Moyer has waived any entitlement to appellate attorney’s fees. See, e.g., Sch. Bd. of Alachua County v. Rhea, 661 So.2d 331 (Fla. 1st DCA 1995), reh’g denied. Furthermore, the recovery of attorney’s fees at any level requires a substantive legal basis for the award. See Westinghouse Elec. v. Widlan, 623 So.2d 511, 514 (Fla. 1st DCA 1993). Moyer has presented this court with no legal basis supporting an award for his attorney’s fees incurred below; consequently, no attorney’s fees will be awarded.
Accordingly, we AFFIRM in part, and REVERSE and REMAND in part.
WOLF, VAN NORTWICK, and CLARK, JJ., concur.