DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WOODBRIDGE HOLDINGS, LLC,**
Appellant,

v.

**PRESCOTT GROUP AGGRESSIVE SMALL CAP MASTER FUND, G.P.,
RAVENSWOOD INVESTMENTS III, L.P., THE RAVENSWOOD
INVESTMENT COMPANY, L.P.,** and **WILLIAM J. MAECK,** et al.,
Appellees.

No. 4D13-1262

[August 12, 2015]

Appeal and cross-appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 09064811CACE25.

Darrell W. Payne, Eugene E. Stearns and Carlos J. Canino of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for appellant/ cross-appellee.

Amy Brigham Boulris, Allison J. Cammack, Raymond V. Miller and Angel A. Cortiñas of Gunster, Yoakley & Stewart, P.A., Miami, for appellee/cross-appellant Prescott Group Aggressive Small Cap Master Fund.

James Sandnes and Tammy Yuen of Skarzynski Black LLC, New York, NY; and Paul Joseph McMahon of Paul Joseph McMahon, P.A., Miami, for appellee/cross-appellants Ravenswood Investments III, Ravenswood Investment Company, and William J. Maeck.

KLINGENSMITH, J.

Woodbridge Holdings, LLC ("Woodbridge") appeals from the trial court's corrected final judgment entered after a statutory valuation appraisal proceeding arising under Florida's dissenting shareholder appraisal rights statute. Thereafter, Prescott Group Aggressive Small Cap Master Fund, G.P., Ravenswood Investments III, L.P., The Ravenswood Investment Company, L.P., and William J. Maeck ("Appellees") cross-appealed from the trial court's corrected final judgment. The trial court rendered its

written findings of fact and conclusions of law, determining the fair value of the dissenters' shares and making an assessment of fees and costs against Woodbridge on the grounds that Woodbridge failed to comply with the fair offer provisions of section 607.1322, Florida Statutes, and/or acted "arbitrarily" or "not in good faith." In a subsequent order, the trial court confirmed its award of interest at the fixed rate of 8%, finding that this was the statutory interest rate on the date of the 2009 merger of Woodbridge into a wholly-owned subsidiary of another company. We affirm on these issues presented on appeal and cross-appeal, respectively.

Because the trial court was confronted with a variety of evidence and methodologies, and was tasked with weighing the credibility of witnesses and their valuation techniques following a lengthy bench trial, we find that the trial judge's detailed orders, replete with findings of fact, were supported by sufficient evidence that the fair value of the dissenters' shares was $1.78 per share. *See G&G Fashion Design, Inc. v. Garcia*, 870 So. 2d 870, 872 (Fla. 3d DCA 2004) (affirming trial court's valuation method because it was supported by competent, substantial evidence). Further, the court's determination that Woodbridge did not substantially comply with the fair value offer provisions of section 607.1322 also was supported by sufficient evidence that Woodbridge's initial offer to the dissenting shareholders was not the product of an analysis using customary valuation techniques. *See* § 607.1301(4) (defining "fair value" as a value "determined . . . [u]sing customary and current valuation concepts and techniques . . . ."); *Hausman v. Rudkin*, 268 So. 2d 407, 409-10 (Fla. 4th DCA 1972) ("Having found competent substantial evidence to support the factual conclusions necessarily made by the trial court and having discerned no error as a matter of law, we must affirm the final judgment.").

Woodbridge also appeals the trial court's award of fees for one of appellee Ravenswood's real estate experts, John Burns, who did not testify at trial. Woodbridge argues that under the Statewide Uniform Guidelines it is not appropriate to tax non-testifying expert fees. We agree. In *Thellman v. Tropical Acres Steakhouse, Inc.*, this court held: "It is not appropriate to tax as costs the fees of witnesses who are neither qualified as experts by the court nor testify at trial." 557 So. 2d 683, 684 (Fla. 4th DCA 1990) (citing *KMS of Fla. Corp. v. Magna Props., Inc.*, 464 So. 2d 234, 235 (Fla. 5th DCA 1985)). In *KMS*, the Fifth District reversed an expert fee award because the expert did not testify at trial, even though the expert was prepared to testify if needed. 464 So. 2d at 235. Further, in *Delmonico v. Crespo*, we held:

> The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions advise that expenses for expert witnesses who testify should be taxed, while expenses related to consulting but non-testifying experts should not be taxed. *In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So. 2d [612, 616-17 (Fla. 2005)]; *see also Broward Cnty. v. LaPointe*, 685 So. 2d 889, 893 (Fla. 4th DCA 1996) (fees attributable to services as a litigation consultant were not recoverable under section 73.091, which authorizes an award of costs in eminent domain cases). Because the accountants at the CPA firm were consulting experts and not testifying experts, those expenses should not have been taxed.

127 So. 3d 576, 579 (Fla. 4th DCA 2012).

We disagree with appellee Ravenswood's assertion that section 607.1331 provides a basis for taxation of such costs regardless of the Uniform Guidelines. The Uniform Guidelines expressly allow for taxation of fees and expenses relating to testifying expert witnesses only, and they exclude any expenses relating to consulting, but non-testifying, experts. *See In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So. 2d at 616-17. Therefore, the trial court's award of costs for John Burns' fees should be reversed.

*Affirmed in part; Reversed in part.*

TAYLOR and MAY, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**