DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN CHARLES FISCHER,** as Trustee of the
Dorothy L. Fischer Trust, and **STEPHEN CHARLES FISCHER,**
as Attorney-in-Fact for Dorothy L. Fischer,
Appellant,

v.

**SUSAN ANN FISCHER,** as Co-Trustee of the Dorothy L. Fischer Trust,
**SANDRA FISCHER FRASER,** as Co-Trustee of the Dorothy L. Fischer
Trust, **SUSAN ANN FISCHER,** individually, and
**MARSHALL MCDONALD,**
Appellees.

Nos. 4D20-1752 & 4D20-2052

[December 22, 2021]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502016CA006840XXXXMB.

S. Brian Bull and John M. Jorgensen of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant.

Alexandra Valdes of Cole, Scott & Kissane, P.A., Miami, for appellee Marshall McDonald.

KLINGENSMITH, J.

Appellant Stephen Charles Fischer, as both the Trustee and the Attorney-in-Fact, appeals the trial court's Final Judgment of Attorney's Fees and Amended Final Judgment on Costs. He raises four issues on appeal, and we agree with him on two: 1) the trial court erred in awarding fees and taxing costs against appellant as the Trustee for costs which appellee Marshall McDonald incurred defending a claim brought by appellant as the Attorney-in-Fact; and 2) the trial court erred in awarding expert witness costs unrelated to trial testimony. We affirm on all other issues without comment.

Appellant appears in this proceeding wearing multiple hats: as "the Trustee" in his capacity as the trustee of the Dorothy L. Fischer Trust; as

"the Attorney-in-Fact" in his capacity as the attorney-in-fact for Dorothy L. Fischer; and as an individual. The underlying action began when the Trustee sued Susan Ann Fischer and Sandra Fischer Fraser as Co-Trustees to revoke the Trust. In his initial complaint, the Trustee sought only to revoke the 2015 version of the Trust and restore the 2014 version. However, the Trustee, later joined by the Attorney-in-Fact, amended the complaint six times to add parties and claims against the suit's defendants, including a claim for damages from appellee McDonald individually for breach of fiduciary duty.

Following the fourth amended complaint, the Trustee's claim against McDonald for breach of fiduciary duty was dismissed with prejudice. In the fifth amended complaint, both the Trustee and the Attorney-in-Fact continued to seek revocation of the 2015 Trust, while only the Attorney-in-Fact sought damages from McDonald and Susan Ann Fischer as individuals. After the Trustee and Co-Trustees settled the claims between them involving the revocation of the trust, the Attorney-in-Fact filed a sixth, and final, amended complaint on the sole claim of breach of fiduciary duty against McDonald.

With the Attorney-in-Fact and McDonald as the only two remaining parties, the case went to trial on the allegations of the final amended complaint. In preparation for trial, McDonald retained an expert witness who participated in a deposition, hearings, and mediation. Although the expert attended the trial, he did not testify either in person or by deposition due to a last-minute tactical decision made by McDonald. The jury found in favor of McDonald, and he moved for attorney's fees as the prevailing party pursuant to a previously served settlement proposal to the Attorney-in-Fact, the Trustee, and appellant individually. He also moved for costs as the prevailing party at trial.

Following an evidentiary hearing, the trial court granted McDonald's entitlement to fees, and in the Final Judgment on Attorney's Fees, apportioned the amounts as follows: $23,751.00 against the Trustee; $172,910.50 against the Attorney-in-Fact; and $7,272.00 jointly and severally against the Trustee and the Attorney-in-Fact. In McDonald's motion for costs against the Trustee, the Attorney-in-Fact, and appellant individually, McDonald listed his costs under several categories, including court reporter costs, expert witness costs, and travel costs. In response, the Trustee specifically objected to the taxation of costs incurred by McDonald after the date his claim was dismissed with prejudice. He submitted that, while other costs could be taxed against the Attorney-in-Fact, McDonald could only recover, from the Trustee, court reporter costs from the motion to dismiss proceedings.

2

Appellant, as both the Trustee and the Attorney-in-Fact, also objected to taxing the cost of an expert witness who was deposed but did not testify at trial. The Trustee and the Attorney-in-Fact did not object to the expert witness's deposition costs,[1] but argued that any costs incurred after the deposition of the expert witness could not be levied against them because the expert ultimately did not testify. They also objected to taxing expert witness costs for time invoiced by two attorneys who helped prepare the expert witness for trial as neither were disclosed as expert witnesses nor testified at a deposition or at trial.

The trial court overruled these objections and awarded a total of $54,984.00 in costs to be jointly and severally recovered from appellant as the Trustee and the Attorney-in-Fact. Following the entry of the trial court's Amended Final Judgment on Costs, this appeal ensued.

**Allocation of Fees and Costs**

"A trial judge's award of attorney's fees and costs is reviewed under an abuse of discretion standard of review." *Campbell v. Campbell,* 46 So. 3d 1221, 1223 (Fla. 4th DCA 2010). "The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Effective Teleservices, Inc. v. Smith,* 132 So. 3d 335, 339 (Fla. 4th DCA 2014) (quoting *Chodorow v. Moore,* 947 So. 2d 577, 579 (Fla. 4th DCA 2007)).

The Trustee argues that he was no longer party to the litigation between McDonald and the Attorney-in-Fact after his claim was dismissed, so the fees and costs incurred after the dismissal should not have been awarded against him. McDonald contends the award of fees and costs should be joint and several because appellant, as the Trustee, had argued in response to McDonald's motion for attorney's fees that the claims brought by the Trustee and the Attorney-in-Fact were identical and should be considered as one claim for breach of fiduciary duty. McDonald also relies on language from the settlement agreement between the Trustee, the Attorney-in-Fact, and the Co-Trustees in which the Attorney-in-Fact agreed to be personally liable for any attorney's fees and costs assessed in

---

[1] Because appellant did not specifically appeal the taxing of costs related to the expert's deposition, we do not reach the question of whether deposition costs are taxable for a consulting but non-testifying expert witness. *See Williams v. Tony,* 319 So. 3d 653, 654 n.1 (Fla. 4th DCA 2021) (finding that an appellate court may not address arguments not raised by the parties).

the action brought against McDonald.  Thus, McDonald claims that any distinction between the Trustee and the Attorney-in-Fact is merely a technical one.

We disagree.  When claims are filed separately and later consolidated, it is proper "to apportion the costs between the unsuccessful plaintiffs" so one plaintiff is not liable for all costs.  *Martel v. Carlson*, 118 So. 2d 592, 594 (Fla. 3d DCA 1960).  Our court and others have held that unless the claims are inextricably intertwined, costs should be properly apportioned to parties according to the claims made by and against each at trial. *Effective Teleservices*, 132 So. 3d at 342; *Rosen Bldg. Supplies, Inc. v. Krupa*, 927 So. 2d 899, 900 (Fla. 4th DCA 2005); *see Martel*, 118 So. 2d at 594; *Douglas v. Wilson*, 472 So. 2d 876, 877 (Fla. 1st DCA 1985) (finding the trial court improperly rendered a joint judgment for costs when one of the parties voluntarily dismissed its claim before trial).

Here, the trial court erred in awarding fees and costs jointly and severally against the Attorney-in-Fact and the Trustee.  Although the Trustee and the Attorney-in-Fact acknowledge their separate claims for breach of fiduciary duty were identical, these claims were ultimately different because the Trustee's claim was dismissed with prejudice while the Attorney-in-Fact's claim was litigated for another year.  Furthermore, this is not a situation where the claims were so intertwined that an allocation of fees and costs was not feasible.  *See Effective Teleservices*, 132 So. 3d at 339.  Both the Trustee and the Attorney-in-Fact filed their initial claims against McDonald in successive amendments of the same complaint instead of in two separate cases that were later consolidated. Despite this, the Trustee is not liable for fees and costs incurred in litigation after his claim was dismissed, particularly where an allocation of expenses can be made.  *See Martel*, 118 So. 2d at 594; *Douglas*, 472 So. 2d at 876; *Rosen Bldg. Supplies*, 927 So. 2d at 900.

We reverse on this issue and remand for the trial court to allocate which fees and costs McDonald incurred against the Trustee and which were incurred against the Attorney-in-Fact.

**Costs for Non-Testifying Experts**

The standard of review of an award of expert costs is abuse of discretion.  *Smith v. School Bd. of Palm Beach Cnty.*, 981 So. 2d 6, 10 (Fla. 4th DCA 2007).  Section 92.231(2), Florida Statutes (2020), provides that "[a]ny expert or skilled witness who shall have testified in any cause shall be allowed a witness fee . . . and the same shall be taxed as costs."  Under Florida Rule of Civil Procedure 1.390(c), "[a]n expert or skilled witness

whose deposition is taken shall be allowed a witness fee," and "[a]ny reasonable fee paid to an expert or skilled witness may be taxed as costs." The Florida Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (2020) allows the taxation of costs for an expert witness for "[a] reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report."[2]

Under an earlier version of the Statewide Uniform Guidelines, our court found it inappropriate "to tax as costs the fees of witnesses who are neither qualified as experts by the court nor testify at trial." *Thellman v. Tropical Acres Steakhouse, Inc.*, 557 So. 2d 683, 684 (Fla. 4th DCA 1990); *see KMS of Fla. Corp. v. Magna Props., Inc.*, 464 So. 2d 234, 235 (Fla. 5th DCA 1985) (reversing an award of expert witness fees because the expert witness attended but did not testify at trial). Our court has continued to recognize this distinction, holding that "under the Statewide Uniform Guidelines it is not appropriate to tax non-testifying expert fees." *Woodbridge Holdings, LLC v. Prescott Grp. Aggressive Small Cap Master Fund*, 193 So. 3d 2, 4 (Fla. 4th DCA 2015); *see In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d 612, 617 (Fla. 2005) (noting the Statewide Uniform Guidelines categorizes "Any Expenses Relating to Consulting But Non-Testifying Experts" as "Litigation Costs That Should Not Be Taxed as Costs").

The trial court erred in taxing costs for an expert who was not used at trial. McDonald's expert did not testify at trial, either in person or by deposition, and our court has found appearance at trial to be the determining factor in whether to tax expert costs. *See Thellman*, 557 So. 2d at 684; *KMS of Fla. Corp.*, 464 So. 2d at 235. Regardless of how useful the expert was during trial preparation, McDonald's tactical decision to not allow the expert to testify at trial made him only a consulting expert. *See Woodbridge*, 193 So. 3d at 4. Because of this, it was inappropriate for the trial court to tax costs for the expert beyond his appearance at the deposition. *See id.* Similarly, the trial court could not tax costs for the time expended by the two attorneys who prepared the expert for deposition because neither attorney testified by deposition nor qualified as an expert. *See Thellman*, 557 So. 2d at 684.

---

[2] Although the Statewide Uniform Guidelines were revised in 2005 and 2013, the language of the guidelines has merely been condensed and retains the same distinction that testifying expert costs should be taxed while consulting but non-testifying expert costs should not be taxed. *See In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d 612, 617 (Fla. 2005).

Because the expert witness and two supporting attorneys did not appear at trial, either through in-person testimony or by deposition, the expert witness trial costs should not have been taxed against the Trustee or the Attorney-in-Fact. We therefore reverse on this issue and remand to strike these costs from the Final Judgment and for further proceedings consistent with this opinion. We affirm all other fees and costs without comment.

*Affirmed in part, reversed in part and remanded.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***