# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MARTIN O'BOYLE,**
Appellant,

v.

**TOWN OF GULF STREAM,**
Appellee.

No. 4D21-972

[June 1, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn Kelley, Judge; L.T. Case No. 502014CA008076.

Jonathan R. O'Boyle of The O'Boyle Law Firm, P.C., Deerfield Beach, for appellant.

Jeffrey L. Hochman and Hudson C. Gill of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellee.

GROSS, J.

Section 119.12, Florida Statutes (2014),[1] provides that in a civil action where a court determines that an agency has "unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees."

This case addresses the scope of the phrase "reasonable costs of enforcement." We hold that the statute does **not** provide for (1) an award

---

[1] In their briefs, the parties quote language from the current version of section 119.12, but the civil action in this case originated under the 2014 version of the statute. The amended version of section 119.12 applies only to public records requests made on or after May 23, 2017. *See* Ch. 2017-21, § 2, Laws of Fla., eff. May 23, 2017.

of attorney's fees for litigating the amount of fees or (2) an award of fees attributable to the non-testifying associates of an attorney fee expert.[2]

### *The Pleadings and Entry of a Final Judgment*

Appellant Martin O'Boyle sent a public records request to the Town of Gulf Stream on June 17, 2014. Two days later, the Town produced three documents in response to the request.

On July 3, 2014, appellant filed a pro se complaint alleging that the Town had unlawfully withheld public records. The O'Boyle Law Firm entered an appearance as counsel of record for appellant a few weeks later.

On January 13, 2017, the Town produced additional public records in response to a discovery request.

Ultimately, the circuit court entered a Consent Final Judgment on December 18, 2018, finding that the Town's initial response to the public records request was incomplete, "thereby entitling [appellant] to recover from the Town [his] reasonable costs of enforcement, including reasonable attorneys' fees" under section 119.12 of the Public Records Act.

### *The Attorney's Fee Hearing*

Appellant moved for an award of his reasonable costs of enforcement, including attorney's fees and costs.

The Town sought a substantial reduction in fees, arguing in part that because appellant "received all of the responsive records by January 13, 2017," no attorney's fees should be awarded for work performed after that date.

At the fee hearing, appellant's expert witness, attorney Eugene Pettis, testified to the reasonableness of the fees and costs for enforcing appellant's rights under the Public Records Act. After reviewing the billing records and making some reductions, Mr. Pettis opined that the total fees reasonably incurred for representing appellant in this matter through January 2019 totaled $92,489.90.

---

[2] We do not reach the issue of whether the trial court erred in failing to make specific findings regarding the court's decision not to apply a multiplier to the fee award. Our examination of the record reveals that this argument was not adequately preserved below.

The Town's expert witness, Matthew Mandel, presented two models for the reasonable cost of enforcement. Under the first model, fees would be cut off as of January 13, 2017, the date by which all the responsive public records had been produced, resulting in $4,923.94 as the amount for the reasonable costs of enforcement. Mandel opined that appellant was "not entitled to any fees after the production of the documents," reasoning that "the costs of enforcement after production is not awardable." Under the second model, Mandel's alternative opinion, fees would be recoverable until the date of the consent judgment.

### *The Attorney's Fee Award*

The court rejected the Town's argument that the cutoff date for recoverable fees was when the last responsive documents were turned over to appellant. The court ruled that appellant was "entitled to costs of enforcement (attorney's fees) through the conclusion of the case."

Given that demarcation for recoverable attorney's fees, the court awarded appellant $64,552.65, together with $110 in costs. The court declined to award a fee multiplier. Later, the court entered an Agreed Judgment awarding appellant an additional $6,897 in attorney's fees plus interest, bringing the total fee award to $76,328.68.

In this judgment, the court reserved jurisdiction to determine the reasonable costs to be awarded for the services of appellant's expert witness.

### *The Award of Expert Costs*

At the hearing on expert costs, Pettis testified that his rate in the retainer agreement was $600 an hour. He was assisted by two experienced associates at $495 an hour and a paralegal at $150 an hour. To be cost efficient, he delegated document review tasks to the individuals with a lower hourly rate.

Following the hearing, the trial court entered its Order on Expert Fees. The court awarded appellant "all fees for time personally spent by Pettis in rendering an opinion in this case." Because the Town did not "contest the fee sought by Pettis for the time that he spent personally working on this case," the discrete issue before the court was "whether time spent by associate attorneys working for Pettis can be charged, or taxed, to the [Town]."

3

The court ruled that appellant could not recover fees for the time spent by Pettis's non-testifying associates.

### Under Section 119.12, Florida Statutes (2014), Appellant is Not Entitled to Recover Attorney's Fees for Litigating the Amount of the Fee Award

Appellant argues that he should have been awarded fees for the post-judgment litigation directed at the amount of fees to be awarded.

We conclude that section 119.12 does not authorize an award of fees for litigating the amount of the fee award.

A claim for attorney's fees pursuant to a statute has three potential components: (1) time spent litigating the case on the merits; (2) time spent litigating entitlement to attorney's fees; and (3) time spent litigating the amount of attorney's fees. *See Mallas v. Mallas*, 326 So. 3d 704, 705 (Fla. 4th DCA 2021). The term "fees for fees" is shorthand for time spent litigating the *amount* of attorney's fees. *Id.*

The operative fee statute in this case, section 119.12, Florida Statutes (2014), mandates an award of the reasonable costs of enforcement, including attorney's fees, if a party brings a civil action against an agency "to enforce the provisions of this chapter" and if the court determines that the agency unlawfully refused to permit a public record to be inspected or copied. The statute provides:

> If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.

§ 119.12, Fla. Stat. (2014).

In construing section 119.12 we have tacked closely to the statutory language. Thus, in *News & Sun-Sentinel Co. v. Palm Beach County*, 517 So. 2d 743 (Fla. 4th DCA 1987), we held that attorney's fees are recoverable under section 119.12 where access to public records is denied based upon a good faith but mistaken belief that the documents involved

4

are exempt from disclosure.[3]  In refusing to engraft a "good faith" exception onto the statute, we reasoned:

> Clarification of particular applications of the public records law accrues to the benefit of the agency and the public.  It is appropriate that a member of the public commencing litigation to enforce disclosure and whose right to disclosure is ultimately vindicated by court order at least have his attorney's fees reimbursed for that endeavor.  The public should not be required to underwrite clarification of a law passed for its special benefit.

*Id.* at 744.

In considering different but similar statutory language providing for an award of attorney's fees, the Florida Supreme Court did not stretch the statute to include an award of "fees for fees."

Thus, in *State Farm Fire & Casualty Co. v. Palma,* 629 So. 2d 830, 833 (Fla. 1993), the court held that attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees, but not for litigating the amount of attorney's fees.  The court reasoned that such work "inures solely to the attorney's benefit." *Id.*  The court distinguished section 627.428 from statutory fee authorizations designed to encourage attorneys to represent indigent clients, emphasizing that both the language and the purpose of section 627.428 supported its conclusion.  The court observed that "[i]f the scope of section 627.428 is to be expanded to include fees for time spent litigating the amount of attorney's fees, then the Legislature, rather than this Court, is the proper party to do so." *Id.*

Florida courts have broadly applied *Palma* to bar "fees for fees" in many contexts other than section 627.428.  *See, e.g., Mediplex Constr. of Fla., Inc. v. Schaub,* 856 So. 2d 13, 14–15 (Fla. 4th DCA 2003); *N. Dade Church of God, Inc. v. JM Statewide, Inc.,* 851 So. 2d 194, 196 (Fla. 3d DCA 2003); *Oruga Corp. v. AT&T Wireless of Fla., Inc.,* 712 So. 2d 1141, 1145 (Fla. 3d DCA 1998).

---

[3] The Florida Supreme Court later disapproved of *News & Sun-Sentinel* to the extent that the decision "would permit the award of attorney's fees under section 119.12(1) without a determination that the refusal was unlawful." *N.Y. Times Co. v. PHH Mental Health Servs., Inc.,* 616 So. 2d 27, 30 (Fla. 1993).

We have distinguished *Palma* and authorized awards of "fees for fees" only in limited contexts, including: (1) when fees are awarded under section 61.16, which affords trial courts wide discretion to fashion a fee award in family law cases, *see Schneider v. Schneider*, 32 So. 3d 151, 158 (Fla. 4th DCA 2010); (2) when a contract is broad enough to encompass such an award, *see Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012); and (3) when the fees are awarded as a sanction under the "inequitable conduct doctrine," *see Bennett v. Berges*, 50 So. 3d 1154, 1161 (Fla. 4th DCA 2010).

In *Mallas*, we emphasized that an award of "fees for fees" is an exception to the general rule refusing to allow "fees for fees" under general statutory language. 326 So. 3d at 706–07. There, we held that the fee provision in the civil theft statute cannot support an award of "fees for fees" because the statute's language "is not as broad as the contractual language in *Waverly* and does not afford the court as much discretion as the statutory language in *Schneider*." *Id.* at 707. We reasoned that "[a]ny extension of that statute to provide for the award of those litigation fees should come from the legislature, and not this court." *Id.*

One appellate case, construing an earlier version of section 119.12, declined to award "fees for fees." In *Downs v. Austin*, 559 So. 2d 246 (Fla. 1st DCA 1990), a pre-*Palma* case, the court construed section 119.12(1), Florida Statutes (1985), which is nearly identical to the 2014 version of section 119.12. One of the holdings of *Downs* is that "[n]o fee is authorized for efforts expended to obtain the statutory fee." *Id.* at 248.

Although *Downs* is arguably inconsistent with *Palma*'s reasoning to the extent that *Downs* disallows fees for efforts expended to establish *entitlement* to the statutory fee under section 119.12, *Downs* clearly bars an award of fees expended to litigate the *amount* of the statutory fee.

In the years following *Downs*, the legislature has amended section 119.12 twice; neither amendment addressed the issue of "fees for fees." *See* Ch. 2004-335, § 13, Laws of Fla. (deleting the following language from the statute: "(2) Whenever an agency appeals a court order requiring it to permit inspection of records pursuant to this chapter and such order is affirmed, the court shall assess a reasonable attorney's fee for the appeal against such agency."); Ch. 2017-21, § 1, Laws of Fla., (amending the fee statute to include, among other things, a pre-suit notice requirement and a prohibition on an award of attorney's fees to the complainant if the court determines the request was for an improper purpose).

We thus approach the 2014 version of section 119.12 against a legal backdrop that limits those situations where a statute is read to allow fees for litigating the amount of attorney's fees. The general rule in Florida is that attorney's fees may not be awarded for litigating the amount of the fees. Nothing in the text of section 119.12 suggests that we should deviate from the general rule.

We reject appellant's textual argument that "fees for fees" are authorized because section 119.12 mandates attorney's fees for enforcing the "provisions" of Chapter 119, and 119.12 is one such "provision." We do not read the use of the plural word "provisions" as reflecting a legislative intent to allow "fees for fees."

Section 119.12 states that in a civil action "to *enforce* the provisions of this chapter," the "reasonable costs of *enforcement*" shall be assessed against an agency if the court determines that the agency unlawfully refused a public records request. § 119.12, Fla. Stat. (2014) (emphasis added). Black's Law Dictionary defines "enforce" as "[t]o give force or effect to (a law, etc.); to compel obedience to." *Enforce*, Black's Law Dictionary (11th ed. 2019). And "enforcement" is defined as "[t]he act or process of compelling compliance with a law, mandate, command, decree, or agreement." *Enforcement*, Black's Law Dictionary (11th ed. 2019).

The statutory reference to an action "to *enforce* the provisions of this chapter" means an action to *compel* the agency's compliance with the provisions of Chapter 119. Chapter 119 concerns the disclosure of public records. An action under Chapter 119 does not seek to compel the agency's compliance *with section 119.12 itself*. Section 119.12 is not a mandate directed to the agency; it is a fee-shifting provision that applies when an agency violates another provision in Chapter 119. Unlike other provisions of Chapter 119, an agency cannot "violate" section 119.12.

The word "provisions" in section 119.12 is best understood as a generic plural term with no added significance regarding "fees for fees." As the Town points out, the identical plural language is used elsewhere in another portion of the statute that has nothing to do with attorney's fees. *See* § 119.11(1), Fla. Stat. (2014) ("Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing . . . .").

Significantly, the legislature has not acted since *Downs* or *Palma* to address the issue of "fees for fees" under section 119.12. This long-term legislative inaction weighs against construing the statute as authorizing "fees for fees." *See Goldenberg v. Sawczak*, 791 So. 2d 1078, 1081 (Fla. 2001) ("Long-term legislative inaction after a court construes a statute

7

amounts to legislative acceptance or approval of that judicial construction.").

Section 119.12 is a sufficient deterrent to noncompliance with public records requests without interpreting it as authorizing an award of "fees for fees." As the *Palma* court reasoned, litigating the amount of attorney's fees inures solely to the attorney's benefit. 629 So. 2d at 833. Injecting a "fees for fees" component into the statute would increase needless litigation, rather than deter it.

Finally, we reject appellant's argument that the dispute over the cutoff date for attorney's fees should be deemed litigation over the entitlement to fees rather than litigation over the amount of fees.[4] We see the dispute over the time frame for the fee award as a dispute over the amount of fees, for which additional attorney's fees are not recoverable. The consent judgment had already determined that appellant was entitled to the "reasonable costs of enforcement."

### *The Trial Court Properly Limited Expert Witness Costs to Those Attributable to the Testifying Expert*

Appellant next argues that the trial court erred in refusing to award the costs incurred for associates and paralegals who assisted the testifying fee expert in preparing his testimony for the fee hearing.

We hold that no authority permits awarding an expert witness fee for time spent by the fee expert's non-testifying assistants to prepare the expert to testify.

"Costs are taxable only where authorized by statute or rule." *Junkas v. Union Sun Homes, Inc.*, 412 So. 2d 52, 53 (Fla. 5th DCA 1982).

Section 92.231(2), Florida Statutes (2020), governs expert witness fees and provides that "[a]ny expert or skilled witness **who shall have testified** in any cause shall be allowed a witness fee . . . and the same shall be taxed as costs." (Emphasis added). Additionally, under Florida Rule of Civil Procedure 1.390(c), "[a]n expert or skilled witness whose deposition is taken shall be allowed a witness fee," which "may be taxed as costs."

---

[4] Similarly, we reject appellant's argument that he should receive fees for obtaining a clarification of Chapter 119 with respect to the cutoff date for the reasonable costs of enforcement.

Although "some courts had modified [section 92.231] by judicial fiat to allow expert witness fees only when the expert testifies as to the main issues as opposed to collateral issues in a case," the Florida Supreme Court ultimately rejected this approach. *Travieso v. Travieso*, 474 So. 2d 1184, 1185 (Fla. 1985). In *Travieso*, our supreme court held that "pursuant to section 92.231, expert witness fees, at the discretion of the trial court, *may* be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees." *Id.* at 1186. Still, *Travieso* makes clear that such a discretionary award is limited to a lawyer "who testifies as an expert." *Id.*

Similarly, the advisory Statewide Uniform Guidelines for Taxation of Costs in Civil Actions draws a distinction between testifying and non-testifying experts. *See* Fla. R. Civ. P. App. II. Under the Guidelines, litigation costs for an expert witness should be taxed for "[a] reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report." Fla. R. Civ. P. App. II, § I.C.1. By contrast, the Guidelines provide that any expenses relating to consulting but non-testifying experts should not be taxed as costs. Fla. R. Civ. P. App. II, § III.B.

Consistent with section 92.231(2) and the Guidelines, the general rule in Florida is that "[i]t is not appropriate to tax as costs the fees of witnesses who are neither qualified as experts by the court nor testify at trial." *Thellman v. Tropical Acres Steakhouse, Inc.*, 557 So. 2d 683, 684 (Fla. 4th DCA 1990); *see also Universal Prop. & Cas. Ins. Co. v. Deshpande*, 314 So. 3d 416, 422 (Fla. 3d DCA 2020) (reversing the costs awarded to the "[p]laintiff's experts who never testified at trial and who were never deposed"); *In re Est. of Assimakopoulos*, 228 So. 3d 709, 716 (Fla. 2d DCA 2017) ("[S]ection 92.231(2) permits an award of an expert witness fee only to an expert who 'shall have testified in any cause,' and it is undisputed that neither Baskin nor Fernald testified at the sanctions hearing."); *Woodbridge Holdings, LLC v. Prescott Grp. Aggressive Small Cap Master Fund*, 193 So. 3d 2, 4 (Fla. 4th DCA 2015) (reversing an award of fees for an expert who did not testify at trial); *KMS of Fla. Corp. v. Magna Props., Inc.*, 464 So. 2d 234, 235 (Fla. 5th DCA 1985) (reversing an expert witness fee where "no expert witness testified for appellee," as section 92.231 allows an expert witness fee only for an expert who shall have testified).

Appellant cites case law for the generic proposition that "[a]n expert witness is permitted to use assistants in formulating his expert opinion." *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 612 (7th Cir. 2002). However, appellant has cited no Florida cases that allowed an expert

witness fee to include time spent by others to assist the expert in preparing to testify.

In fact, we recently addressed a similar issue and held that a trial court "could not tax costs for the time expended by the two attorneys who prepared the expert for deposition because neither attorney testified by deposition nor qualified as an expert." *Fischer as Tr. of Dorothy L. Fischer Tr. v. Fischer as Co-Tr. of Dorothy L. Fischer Tr.*, 332 So. 3d 516, 521 (Fla. 4th DCA 2021).

We have found no statute or rule which authorizes costs associated with a fee expert's non-testifying assistants to be taxed as costs. Section 92.231(2) authorizes an award of an expert witness fee to an expert who "shall have testified in any cause." The express language of the statute does not extend to the expert's non-testifying assistants. We do not read the general language of section 119.12—"reasonable costs of enforcement"—as expanding upon the specific language in section 92.231(2). Rather, reading the two statutes together, we conclude that only an expert witness fee authorized under section 92.231(2) qualifies as a reasonable cost of enforcement under section 119.12.

Finally, we reject appellant's argument that the fees attributable to the expert's assistants are recoverable under section 57.104, Florida Statutes (2020). Section 57.104 provides that the court shall consider the "time and labor of any legal assistants" in computing an award of attorney's fees. *Id.* Appellant bases his argument upon the characterization of Pettis's testimony as being "in the nature of an attorney's fee." We agree with the Second District that "the fee charged by a lawyer to appear as an expert witness is considered a cost, not an attorney's fee, and it is awardable only when costs are properly awarded." *Assimakopoulos*, 228 So. 3d at 713.

We affirm the trial court's conclusion that it would be improper to tax as costs the fee of assistants who were not qualified by the court as experts and who did not testify.

*Affirmed.*

GERBER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

10